**CLARK HILL LLP**
BRADFORD G. HUGHES (SBN 247141)
bhughes@clarkhill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Attorneys for Plaintiff RAINBOW S.p.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINBOW S.p.A., <br><br> Plaintiff <br><br> v. <br><br> SECRET WATERFALL LLC, LAUNCELOT A. DEVAULT, TARAH A. UHRICH, STARLINE MEDIA, INC., AND DAVID NDALAMBA, <br><br> Defendants. | Case No. 5:25-cv-00597-SHK <br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Rainbow S.p.A. ("Rainbow" or "Plaintiff"), by and through its attorneys, brings this complaint against Secret Waterfall LLC ("Secret"), Launcelot A. Devault, Tarah A. Uhrich, Starline Media, Inc. ("Starline"), and David Ndalamba (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); trademark infringement under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); trademark infringement under the California Business and Professions Code §14320, unfair competition under the California Business and Professions Code §17200, trademark dilution under the California Business and Professions Code §14247; and trademark infringement,

unfair competition, dilution, and unjust enrichment under California common law as a result of Defendants' exploitation of Rainbow's Intellectual Property by their publishing, copying, making, using, selling and offering for sale their Royale High game via the Roblox online gaming platform ("Roblox Platform").

2.    Rainbow is an Italian media and software entertainment content company that has brought educational entertainment to young viewers around the world through the creation, development, release, and commercialization of animated content for TV and cinema.  Rainbow's Winx Club® animated TV series ("Winx Club"), is Rainbow's twenty-year-old classic.[1]    Winx Club is an international success, resulting in eight animated TV series, two animated series co-produced with Netflix, two Netflix Original live action series, four films for TV, three animated feature films for cinema, live shows, international musicals, and numerous copyright and trademark registrations.

3.    Defendants exploited Rainbow's Winx Club works through the creation, development, release, and commercialization of Royale High, a high school-themed fantasy game hosted on the Roblox Platform.  Initially titled "Fairies and Mermaids Winx High School," Royale High emulates Winx Club's characters, costumes, and environments and has done so since the game's release in 2017. Defendants' exploitation of Rainbow's intellectual property was an intentional strategy to attract Winx Club fans, who would appreciate the in-game roleplaying opportunities and Winx Club-themed products.  Though alerted to the infringing materials in Royale High, Defendants have persisted in exploiting the Winx Club works rather than license Rainbow's intellectual property.

4.    This is a civil action seeking damages and injunctive relief under the United States Copyright Act of 1976, *as amended*, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"), under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), under the California Business and Professions Code, and under California

---

[1] https://www.rbw.it/en/about/the-group/rainbow/.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

common law.

## THE PARTIES

5.      Plaintiff Rainbow is an Italian joint-stock company with a principal place of business at Via Brecce snc, 60025 Loreto, Ancona, Italy.

6.      Defendant Secret is a California limited liability company with a principal place of business at 26672 Camino Seco, Temecula, California 92590.

7.      Defendant Devault is an individual and the registered agent and chief executive officer of Secret.  Devault, upon information and belief, is co-owner and administrative lead of Royale High.  Upon information and belief, Devault resides at 26672 Camino Seco, Temecula, California 92590.

8.      Defendant Uhrich is an individual and, upon information and belief, a manager of Secret, and co-owner and lead developer of Royale High.  Upon information and belief, Uhrich resides at 26672 Camino Seco, Temecula, California 92590.

9.      Defendant Starline is a Canadian company with a principal place of business at 100 Bond Street E Oshawa, Ontario L1G 4S4, Canada.

10.      Defendant Ndalamba is an individual and chief executive officer of Starline.  Upon information and belief, Ndalamba is a resident of Canada.

## JURISDICTION AND VENUE

11.      Some of Rainbow's claims arise under the Copyright Act and the Lanham Act.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12.      This Court has personal jurisdiction over defendant Secret because its principal place of business is in Temecula, California.

13.      This Court has personal jurisdiction over defendants Devault and Uhrich because, upon information and belief, they reside in Temecula, California, and because their infringing activities, including the ongoing operation of Royale High on the Roblox Platform, create a substantial connection with this judicial

3

district.

14.    This Court has personal jurisdiction over defendants Starline and Ndalamba because their infringing activities, including the creation, development, release, and commercialization of Royale High, create a substantial connection with this judicial district.   Upon information and belief, Starline and Ndalamba participated in the creation, development, release, and commercialization of Royale High, an interactive online game that features infringing works and that is accessible to and usable by anyone, including residents of this judicial district.

15.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a).

## **<u>BACKGROUND</u>**

## **I.    RAINBOW'S AWARD-WINNING WINX CLUB**

16.    In 1995, Iginio Straffi founded Rainbow, an Italian studio focused on animation.   Over nearly 30 years, Rainbow has garnered a reputation for entertainment that both educates and inspires.

17.    Rainbow achieved national success in 2000 by virtue of its Tommy & Oscar™ project and animated TV series.  With the production and release of Winx Club, beginning in 2004, Rainbow gained global recognition.  At the 2005 Torino Film Festival, Iginio Straffi won the Pinocchio Award for Best Youth Program Director.  The series also brought Iginio Straffi and Rainbow the Pulcinella Award for Animation Studio of the Year at the 2005 Cartoons on the Bay festival.  In France and Belgium, the first season reached a 56% share among 10 to 14-year-old viewers of the Italian Rai 2 television channel.[2]   Rainbow later co-produced Winx Club episodes with Nickelodeon, the first special premiering internationally on June 27, 2011, to 2.3 million viewers.[3]  In the first quarter of 2012, an average of 38.5 million

---

[2] https://web.archive.org/web/20190222105702/https://ricerca.repubblica.it/
repubblica/archivio/repubblica/2004/04/01/caccia-alle-streghe-made-in-italy-la.html.
[3] https://archive.today/20130204051226/http://www.thefutoncritic.com/ratings/2011/06/28/mondays-cable-ratings-wwe-raw-claims-top-honors-557115/cable_20110627/.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

viewers watched the series across nine of Nickelodeon's international outlets.[4]

18.     Winx Club is a modern fantasy saga launched in 2004 and revolving around the adventures of Bloom, Stella, Flora, Aisha, Tecna and Musa, six fairies living their daily life, along with adventures in the Magic Dimension, including lessons at the Alfea College for fairies, romances, fights, and strong bonds of friendship.  Throughout the seasons, the six fairies grow together and develop ever stronger powers, turning into fairies and obtaining new magic transformations.  The six friends are always ready to defeat evil enemies and save whomever is in danger.  Each fairy has specific powers linked to a magical element: Bloom is the Fairy of Dragon Flame, Stella is the Fairy of the Shining Sun, Flora is the Fairy of Nature, Aisha is the Fairy of Waves, Musa is the Fairy of Music, and Tecna is the Fairy of Technology.  Altogether, the six girls form the Winx Club, a group of fairies whose friendship is their biggest strength against any kind of adversity.  An example of the six characters is shown below:



Throughout the show's progression, Winx Club fairies undergo special "transformations," including the "Charmix" (Season 2), "Enchantix" (Season 3), and "Believix" (Season 4), each involving both physical and abstract changes.  After earning the Charmix transformation, for example, fairies receive a "personalized

---

[4] https://web.archive.org/web/20210212180043/https:/vimeo.com/238978215.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

brooch and a shoulder or waist bag" as well as magnified powers and spells, a reward "when the Winx girls overcome a problem or their emotional turmoil."[5]

19.    Rainbow owns United States copyright and trademark registrations for numerous Winx Club-related works, including the designs associated with animated characters Aisha, Bloom, Flora, Musa, Stella, and Tecna.  Rainbow owns many copyright registration certificates from the United States Copyright Office for Winx Club episodes and related characters, some of which are identified on a list attached as Exhibit A.  Rainbow also owns trademark registration certificates from the United States Patent and Trademark Office for, among other things, "WINX CLUB" wording and design, identified on a list attached as Exhibit B, said design being reproduced below:



20.    In addition to Winx Club, Rainbow has produced other animated hits, among them Monster Allergy™, Huntik, PopPixie™, Mia and Me™, Regal Academy™, the live action Maggie & Bianca Fashion Friends™, 44 Cats™, Pinocchio and Friends™, Summer & Todd Happy Farmers™.  Ranked among the top licensors in the world, Rainbow is also a leading brand licensing company with more than 500 licenses worldwide in every category from publishing and toys to consumer products in general.  Rainbow's licensing and marketing strategies are set out at the following URL: https://www.rbw.it/en/marketing-licensing/.   As its website makes clear, Rainbow develops licensing strategies and dedicated style guides for the works in its global portfolio.

---

[5] https://winx-club.fandom.com/wiki/Category:Transformations.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

21.    Rather than seeking to license Rainbow's intellectual property, Defendants exploited the highly successful Winx Club works through the development of Royale High, an online roleplaying game available on the Roblox Platform.

## II.    ROYALE HIGH

22.    Royale High is a high school-themed roleplaying and dress-up game that takes place in an online fantasy realm.  Tellingly, the game was initially titled "Fairies & Mermaids Winx High School Beta," "also known as Winx High School," and themed around Winx Club to draw in fans of the Winx Club TV series.[6]  In November 2017, the game's title changed to "Royale High Beta," and the "Enchantix High School for Fairies and Mermaids" (*i.e.*, "Enchantix High" or "Enchantix") became a game or "experience" available to players.

23.    The Roblox Platform allows users to access the Royale High experience created by developers, including Secret, Devault, Uhrich, Starline, and Ndalamba. Each Roblox Platform experience offers distinct themes, environments, and roleplaying opportunities.  For example, according to the Royale High Wiki Fandom website,[7] Royale High featured the "Enchantix High" or "Enchantix" environment based entirely on Winx Club:

> Enchantix was heavily reliant on using content (such as distinct designs, names, art, and music) from Winx Club, along with artwork from various fan artists (such as the wings designs), most of which were stolen; Royale High does not have permission or rights to use any of the Winx Club intellectual property or any of the various stolen artwork, and was therefore violating copyright law.

---

[6] https://royale-high.fandom.com/wiki/Fairies_%26_Mermaids_Winx_High_School_Beta.

[7] https://royale-high.fandom.com/wiki/Enchantix_High.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

Those playing Royale High can engage in a variety of roleplaying interactions, as

the game's description[8] indicates:

In addition, players can visit the Royale High online store[9] to spend in-game virtual

🎽Make cute outfits & enter a fashion contest on Sunset Island, then take a magical midnight swim in the glowing ocean!
📱 Incoming Message: bff want 2 have a sleepover at my dorm? xx
🧚 Decorate a dreamy dorm with fairy lights, then COLLAPSE IN A FLUFFY PILE OF PILLOWS!!!
🩹 Ouch, I got hurt! Visit the School Office for an ice pack!
⭐ Attend classes, earn 💎Diamonds, Level Up, and be at the top of the leaderboards!
🌙 Dress in gorgeous dresses and dance the night away at the school dance!
🔮 Make a wish at the Fountain of Dreams for a chance at an ULTRA-rare item!
⚖️ Trade your rare and valuable treasures in the Trading Hub!
🙂 Work in the Office to help Freshfairies and calm angry parents! 😡 😡 😡
🏠 Take care of your Hunger, Hygiene & Sleep needs!
📔 Put cute stickers all over your diary and decorate the inside of your locker!
✨ Fly & Use Magic!
👧 Watch the sunset from your Beach House balcony!
.. and lots more!

currency ("Robux")—purchased with real currency[10]—to acquire special fabric

---

[8] https://www.roblox.com/games/735030788/Royale-High#!/about.

[9] https://www.roblox.com/games/735030788/Royale-High#!/store.

[10] https://www.roblox.com/upgrades/robux?ctx=nav.

designs, character abilities, hairstyles, objects, and many other items.



The Roblox Platform's description for Royale High reports that the game has been favorited (*i.e.*, added to a user's "favorites" list) 13,229,839 times, and has received over 10 billion visits.[11]  The Roblox Platform's "Discover" page[12] includes Royale High in its list of the most popular games:

---

[11] https://www.roblox.com/games/735030788/Royale-High.

[12] https://www.roblox.com/discover#/.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

**Popular**

   

Good Girls Sorority    Royale High    Team Daycare Escape!    Flee the Facility    Teamwork Puzzles 2 (Obby)    Escape Grandma House Obby!

79%  2.2K    87%  11.1K    70%  3.1K    92%  37.8K    92%  2.6K    66%  242

### III.    DISCOVERY OF DEFENDANTS' INFRINGEMENT

24.    In May 2023, Rainbow first became aware of the unauthorized use and sale of Winx Club works on the Roblox Platform Marketplace.  In an Excel chart, Rainbow identified 490 products with images, characters, and elements identical or substantially similar to Winx Club works, including character transformations like the Bloom Charmix of Season 2 and the Musa Enchantix of Season 3.  Exhibit C.  On May 16, 2023, Rainbow promptly notified the Roblox copyright team of Rainbow's "exclusive right to authorize the use of the IP [r]ights[] and take appropriate action against any type of infringement" and noted that the identified products were displayed and offered for sale "without a signed license agreement and/or a specific authorization."  Exhibit D.

25.    Rainbow requested that Roblox "immediately delete from [its] website all unauthorized Winx Club products," (Exhibit D), and Roblox responded on May 27, 2023 that it removed the specified contents.  Exhibit E.  Soon after, on July 16, 2023, a fan alerted Rainbow to additional unauthorized Winx Club works within Royale High, specifically "a blatant copy of the [B]utterflix transformation" of Winx Club.  Exhibit F.  The Winx Butterflix is an evolved fairy transformation involving the appearance of butterfly-like wings, as the following illustration shows:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11



12  As the fan observed, Royale High's "modeled outfit . . . has minor differences but

13  you wouldn't be able to tell them apart," "[e]ven the name of it[:] fluttering butterfly

14  set." Exhibit F. Referring to an uncropped version of the same Winx Club Butterflix

15  image, a Reddit poster[13] in the "unofficial subreddit for Royale High," expressed the

16  same sentiment:

17
18
19
20
21
22
23
24
25
26
27

28

---

[13] https://www.reddit.com
/r/RoyaleHigh_Roblox/comments/k188mt/has_anyone_realize_that_the_fluttering_butterfly/.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



Reddit users commented on the post as follows:

Yet another Reddit post[14] provided a side-by-side comparison of Royale High's unauthorized "fluttering butterfly set" and the Winx Club Butterflix (featuring Flora), shown here:

---

[14] https:// web.archive.org/web/20240408023507/https://www.reddit.com/r/RoyaleHigh_Roblox/comments/hfe2cm /i_saw_someone_else_do_this_with_bloom_so_i_tried/?rdt=55097.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

Royale High's use of Winx Club works was so blatant that one YouTube video tutorial,[15] entitled "Making the ***Winx Butterflix*** in Royale High," even explains how to create the Winx Butterflix using Royale High.

26.    At this time, the Enchantix realm remained available to users despite its flagrant copying of Winx Club's Enchantix High.  Commentary among Royale High players on the "r/RoyaleHigh_Roblox" Reddit page[16] shows that Enchantix

[15] https://www.youtube.com/watch?v=d2AVUhSEylc.

[16] https://www.reddit.com
/r/RoyaleHigh_Roblox/comments/o3r8jr/enchantix_high_is_getting_removed_when_the_new/.

14

was well-known among fans as an imitation of Enchantix:



On August 9, 2023, this additional unlawful Enchantix content was removed from Royale High due to its use of Winx Club works without permission.

27.    On information and belief, Royale High owners and/or their agents entered into a toy line agreement with Jazwares, LLC ("Jazwares"), a company that designs and manufactures toys and other consumer products.  Jazwares' website[17]

---

[17] https://www.jazwares.com/about-us.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

lists Royale High in its historical timeline of toy and product collaborations:



On September 20, 2023, Jazwares announced a "master toy agreement with popular fashion role-playing metaverse experience Royale High for an all-new toy line including game-inspired fashion dolls set to launch fall 2024."[18]  According to the article, "Jazwares will seamlessly translate the Royale High gaming experience into the world of toys," and "Royale High's creative lead" hopes that "the use of real toys" will "fuel children's fantasy dream life."  On September 21, 2023, The Toy Book likewise announced Jazwares' "master toy licensing agreement with Royale High," noting that "Jazwares will also serve as a licensing conduit for Royale High to create a portfolio of consumer products in categories such as apparel, beauty, home decor, and more."[19]  The Royale High toy line and related consumer products, which are based on the same game that made unauthorized use of Rainbow's intellectual property, further endeavor to exploit the goodwill associated with Winx Club.

---

[18] https://jazwares.com/
newsroom/jazwares-named-master-toy-licensee-for-hit-metaverse-game-royale-high.

[19] https://toybook.com/jazwares-royale-high-news/.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

28.    On March 21, 2024, Rainbow's counsel notified the Roblox copyright team that it believed Royale High owners and developers were still infringing Rainbow's works.   Exhibit G.   Rainbow pointed to multiple (by no means exhaustive) examples of copying:

| Winx Club | Royale High |
|---|---|
|  |  |
|  |  |
|  |  |

Rainbow forwarded this communication, described as an "attached urgent Notice of

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

Copyright Infringement with exhibits," to the Roblox legal team.  Exhibit H.

29.    On March 4, 2024, because of and in response to the continued unlawful and unauthorized use of Winx Club content, Rainbow also transmitted a cease-and-desist letter to Starline and Ndalamba, who appeared to be the owners and developers of Royale High.  Exhibit I.  On March 8, 2024, legal counsel for Starline and Ndalamba responded, alleging that "none of our clients would have known or intended this infringement" and "Royale High has opted to independently build its own original game assets since approximately late 2017," which statements contradict Royale High's extensive uses of Winx Club works as outlined above.  Exhibit J.  Starline and Ndalamba denied infringing use of Winx Club works and declined to remove identified materials or to enter into a licensing agreement.

30.    Defendants continue to infringe the Winx Club works via Royale High on Roblox Platform, and do so willfully and knowingly, leaving Rainbow with no choice but to bring this action for copyright and trademark infringement. The copying by Defendants involves so much of the legally protected creative works of Plaintiffs that the value of the original works are substantially and irrevocably diminished, and the original works of Plaintiffs have been substantially, to an injurious extent, appropriated by Defendants.

## SOME EXAMPLES OF ACTIONABLE SIMILARITES BETWEEN ROYALE HIGH AND WINX CLUB

31.    Some examples of similarities between Royale High and Winx Club that rise to the level of copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); trademark infringement under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); trademark infringement under the California Business and Professions Code §14320, unfair competition under the California Business and Professions Code §17200, trademark dilution under the California Business and Professions Code §14247; and trademark infringement, unfair competition, dilution, and unjust enrichment under California common law

are set out herein, and specifically set out below in this section of the Compliant.

Rainbow owns United States Trademark Registration No. 3,258,932 for (among other things) electronic game programs and game software for computers and United States Trademark Registration No. 3,376,208 for (among other things) computer game programs. Each registration is for the stylized trademark:



32.    Rainbow also owns United States Trademark Registration No. 6,182,163 for (among other things) electronic games services provided by means of the internet. The registration is for the trademark "WINX CLUB" (in standard characters without claim to any particular font style, size, or color).

33.    Rainbow also owns common law trademark rights in the visual depictions of each of its Winx Club characters Aisha, Bloom, Flora, Musa, Stella, and Tecna, as described and shown herein (Rainbow's Common Law Marks). Rainbow has used each Common Law Mark in commers to designate its Winx Club products and services. Each Common Law Mark is distinctive and represents to the relevant consumers that it originated from and corresponds to products and services of Rainbow. Use by Defendants as alleged herein of similar marks, words and symbols as to Rainbow's Common Law Marks, is likely to cause, and has actually caused, confusion by consumers as to the origin of the goods and services and as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products and services.

34.    Defendants have infringed, or are infringing, Rainbow's trademark rights with respect to each trademark as shown in all three registrations as well as Rainbow's common law trademark rights. On information and belief, Defendants used, or are using, a confusingly similar logo and/or name and/or marks in their

Royale High game, as shown in just one example in the below screen shot:



35.    Rainbow's WINX CLUB animated TV series features a character called BLOOM.  The character BLOOM is covered by Rainbow's United States Copyright Registration No. VA0002426867.  Below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426867:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



CHARACTER - Clean **MAIN DRESS 4 BLOOM**_COL D_01

REFERENCE FOR EYE COLOR

EPISODE 81

SEQUENCE 000

SCENE 000



NIGHT VERSION

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

36.     This character also appears in many videos covered by United States Copyright Registrations owned by Rainbow.

37.     For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520520 (Season 4, Episode 18 of Rainbow's WINX CLUB animated TV series):



38.     Below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PA0002519449 (Season 5, Episode 1 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



39.    And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002519448 (Season 5, Episode 2 of Rainbow's WINX CLUB animated TV series):



40.    On information and belief, as shown below, an update for Defendants' Royale High game featured a character also called BLOOM and the character looks substantially, if not strikingly, similar to Rainbow's character BLOOM.

26



41.    On information and belief, this character also appears in Defendants' Royale High game, as shown in the below screen shot (the character in the middle):

42.    Furthermore, the first character (going from left to right) of the above screen shot of Defendants' Royale High game looks substantially, if not strikingly, similar to Rainbow's character FLORA which is covered by Rainbow's United States Copyright Registration No. VA0002426882.  Below are the 2D images that relate to United States Copyright Registration No. VA0002426882:





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

43.    Also, the second character (going from left to right) of the above screen shot from Defendants' Royale High game looks substantially, if not strikingly, similar to Rainbow's character MUSA which is covered by is covered by Rainbow's United States Copyright Registration No. VA0002426875.  Below are the 2D images that relate to United States Copyright Registration No. VA0002426875:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





CHARACTER - Clean **MAIN DRESS 4 MUSA**_COL D_01

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



NIGHT VERSION



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7



8
9
10
11
12

44.    Moreover, the fourth character (going from left to right) of the above screen shot relating to Defendants' Royale High game looks substantially, if not strikingly, similar to Rainbow's character STELLA which is covered by Rainbow's United States Copyright Registration No. VA0002426870.  Below are the 2D images that relate to United States Copyright Registration No. VA0002426870:

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**







NIGHT VERSION

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

CHARACTER - Clean **MAIN DRESS 4 STELLA**_COL D_01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:

DATE:

REVISED:

EPISODE 81

SEQUENCE 000

SCENE 000

NIGHT VERSION

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

45.    Alfea College for Fairies is a high school in Rainbow's WINX CLUB animated TV series.  It is a magical school where fairies receive their education and training in various magical disciplines.  It appears in many videos covered by Rainbow's United States Copyright Registrations owned by Rainbow.

46.    For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 2 of Rainbow's WINX CLUB animated TV series):



47.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483054 (Season 7, Episode 1 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



48.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483044 (Season 7, Episode 6 of Rainbow's WINX CLUB animated TV series):



49.    Below is a screen shot from the video covered by Rainbow's United

40

States Copyright Registration No. PA0002520196 (Season 1, Episode 1 of Rainbow's WINX CLUB animated TV series):



50.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483044 (Season 7, Episode 6 of Rainbow's WINX CLUB animated TV series):



51.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 3 of Rainbow's WINX CLUB animated TV series):



52.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 11 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



53.     Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520526 (Season 4, Episode 2 of Rainbow's WINX CLUB animated TV series):



54.    On information and belief, Defendants' Royale High game includes, or did include, a substantially similar-looking high school, as shown in various screen shots below:





FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



55.    Season 7 of Rainbow's WINX CLUB animated TV series features a character STELLA who bears a set of very distinctive pink wings.  This character appears in many videos covered by United States Copyright Registrations owned by Rainbow.

56.    For example, below is screen shot from the opening scene of the video covered by Rainbow's United States Copyright Registration No. PA0002483054 (Season 7, Episode 1 of Rainbow's WINX CLUB animated TV series):



57.    Below is a screen shot from a video covered by Rainbow's United States Copyright Registration No. PA0002483443 (Season 7, Episode 3 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



58.    Below is screen shot from a video covered by Rainbow's United States Copyright Registration No. PA0002483044 (Season 7, Episode 6 of Rainbow's WINX CLUB animated TV series):



59.    Below is screen shot from a video covered by Rainbow's United States Copyright Registration No. PA0002483046 (Season 7, Episode 8 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



60.    Below is screen shot from a video covered by Rainbow's United States Copyright Registration No. PA0002483052 (Season 7, Episode 9 of Rainbow's WINX CLUB animated TV series):



61.    Below is screen shot from a video covered by Rainbow's United States Copyright Registration No. PA0002483049 (Season 7, Episode 11 of Rainbow's WINX CLUB animated TV series):



62.    Below are screen shots from a video covered by Rainbow's United States Copyright Registration No. PA0002483045 (Season 7, Episode 13 of Rainbow's WINX CLUB animated TV series):





63.    On informatiomn and belief, Defendants' Royale High game features, or did feature, a substantially, if not strikingly, similar looking set of distinctive wings on a building at the high school, as shown in the below screen shots:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23



24
25
26
27
28

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16
17
18
19
20
21
22
23
24
25
26
27
28





64.    Rainbow    owns    United    States    Copyright    Registration    No. PA0002519640 which covers a video (season 6, episode 1 of Rainbow's WINX CLUB animated TV series).

65.    A screen shot from the video is reproduced below.



66.     On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears in their Royale High game, as shown below:



67.     This is not only infringement of United States Copyright Registration No. PA0002519640, but also infringement of Rainbow's United States Copyright Registration Nos. VA0002426912, VA0002426889, and VA0002426867, which cover the characters ORITEL, MARION and BLOOM, respectively, that appear in the painting.

68.     Below is the 2D image that relates to United States Copyright Registration No. VA0002426912 for the character ORITEL:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



69.    Below is the 2D image that relates to United States Copyright Registration No. VA0002426889 for the character MARION:

56

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23    70.    And below are the 2D image deposits that relate to United States

24 Copyright Registration No. VA0002426867 for the character BLOOM:

25
26
27
28

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



CHARACTER - Clean **MAIN DRESS 4 BLOOM**_COL D_01

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE  81

SEQUENCE  000

SCENE  000

© RBW   All Rights Reserved

PAGE:

NIGHT VERSION

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

71. Rainbow owns United States Copyright Registration No. PA0002520302 which covers a video (season 6, episode 15 of Rainbow's WINX CLUB animated TV series).

72. A screen shot taken from the video is reproduced below.



73. Rainbow also owns United States Copyright Registration No. PAu004255095 which covers a video (season 6, episode 19 of Rainbow's WINX CLUB animated TV series).

74. A screen shot taken from the video is reproduced below.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



75.    On information and belief, Defendants took that character (STELLA) and displayed her on paintings that appear in their Royale High game, as shown below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



76.    Moreover, that character (STELLA) is covered by Rainbow's United States Copyright Registration No. VA0002426870.  Below are the 2D images that relate to United States Copyright Registration No. VA0002426870:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





NIGHT VERSION

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

77.    Rainbow    owns    United    States    Copyright    Registration    No. PA0002520196 which covers a video (season 1, episode 1 of Rainbow's WINX CLUB animated TV series).

78.    A screen shot of the opening scene from the video is reproduced below.



79.    On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





80.    This is not only infringement of United States Copyright Registration No. PA0002520196, but also infringement of Rainbow's Copyright Registration No. VA0002426867 which covers the character BLOOM that appears in the painting. Below are the 2D images that relate to United States Copyright Registration No. VA0002426867:





69





NIGHT VERSION

CHARACTER - Clean **MAIN DRESS 4 BLOOM**_COL D_01

ID: 81-MAIN DRESS 4 BLOOM-COL D-01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE 81

SEQUENCE 000

SCENE 000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, without written permission from an authorized officer of the company
©RBW   All Rights Reserved
PAGE:

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



81.    Rainbow owns United States Copyright Registration No. PA0002520205 which covers a video (a movie called Winx Club-Magical Adventure).

82.    A screen shot from the video is reproduced below:

83.    On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:

71





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

84.    This is not only infringement of United States Copyright Registration No. PA0002520205, but also infringement of United States Copyright Registration Nos. VA0002426872 and VA0002426867 which cover the characters BRANDON and BLOOM, respectively, that appear in the painting.  Below are the 2D images that relate to Copyright Registration Nos. VA0002426872 and VA0002426867.

85.    Below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426872 for the character BRANDON:







**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

86. And below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426867 for the character BLOOM:





FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



NIGHT VERSION



CHARACTER - Clean **MAIN DRESS 4 BLOOM**_COL D_01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE 81

SEQUENCE 000

SCENE 000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, without written permission from an authorized officer of the company
®RBW All Rights Reserved
PAGE:

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



87.    Another screen shot taken from the video relating to United States Copyright Registration No. PA0002520205 is reproduced below.



88.    On information and belief, Defendants took that screen shot and displayed a substantially similar, if not striking similar, version of it on a painting that appears, or did appear, in their Royale High game, as shown below:





89.    Another screen shot taken from the video that relates to United States Copyright Registration No. PA0002520205 is reproduced below.



90.     On information and belief, Defendants took that screen shot and displayed a substantially, if not strikingly similar looking version of it on a poster taped to a wall in their Royale High game, as shown below:



91.    Rainbow owns United States Copyright Registration No. PA0002520196 which covers a video (season 1, episode 17 of Rainbow's WINX CLUB animated TV series).

92.    A screen shot from the video is reproduced below:



93.    On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



94.    This is not only infringement of United States Copyright Registration No. PA0002520196, but also infringement of United States Copyright Registration Nos. VA0002426881 and VA0002426872 which cover the characters SKY and BRANDON, respectively, that appear in the painting.

95.    Below are the 2D images that relate to United States Copyright Registration No. VA0002426881 for the character SKY:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



CARACTER - Clean **SKY**_COL D_01

96.    And below are the 2D images that relate to United States Copyright Registration No. VA0002426872 for the character BRANDON:





CHARACTER - CLEAN **BRANDON MAIN DRESS 4-COL D**-01

CARACTER - Clean **BRANDON**_COL D_01

97.    Rainbow    owns    United    States    Copyright    Registration    Nos. VA0002426870, VA0002424966 and VA0002426875 which covers the characters STELLA, TECNA and MUSA, respectively, of Rainbow's WINX CLUB animated TV series.

98.    Below are the 2D images that relate to these copyright registrations.

99.    Specifically, below are the 2D images that relate to United States Copyright Registration No. VA0002426870:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



NIGHT VERSION

CHARACTER - Clean **MAIN DRESS 4 STELLA**_COL D_01



HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:

DATE:

REVISED:

EPISODE  81

SEQUENCE  000

SCENE  000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, without written permission from an authorized officer of the company

© RBW   All Rights Reserved

PAGE:

87



100.   Below are the 2D images that relate to United States Copyright Registration No. VA0002424966 for the character TECNA:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

101. Below are the 2D images that relate to United States Copyright Registration No. VA0002426875 for the character MUSA:



91

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



NIGHT VERSION



92

102.   On information and belief, Defendants infringed Rainbow's copyrights as shown in these registrations by displaying the characters on paintings that appear, or did appear, in their Royale High game, as shown below:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

103. Rainbow owns United States Copyright Registration No. VA0002426883 which covers the character AISHA'S BUNNY PET of Rainbow's WINX CLUB animated TV series.

104. Below is the 2D image that relates to United States Copyright Registration No. VA0002426883:



105. On information and belief, Defendants infringed Rainbow's copyrights protected by this registration by displaying the character on a painting that appears, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15

106.    Rainbow    owns    United    States    Copyright    Registration    No. PA0002519443 which covers a video (season 5, episode 15 of Rainbow's WINX CLUB animated TV series).

16

107.    A screen shot from the video is reproduced below:

17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

108.    On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:



THE REAL REASON Enchantix High Is getting removed in Royale High

109.    Rainbow owns United States Copyright Registration No. PA0002519639 which covers a video (season 5, episode 23 of Rainbow's WINX CLUB animated TV series).

110.    A screen shot from the video is reproduced below:



111.    On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:



THE REAL REASON Enchantix High Is getting removed in Royale High

112.    This is not only infringement of United States Copyright Registration No. PA0002519639, but also infringement of United States Copyright Registration Nos. VA0002426867 and VA0002426870 which cover the characters BLOOM and STELLA, respectively, that appear in the painting.

113.    Below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426867:

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT







CHARACTER - Clean **MAIN DRESS 4 BLOOM**_COL D_01

NIGHT VERSION

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE 81

SEQUENCE 000

SCENE 000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, without written permission from an authorized officer of the company
©RBW All Rights Reserved

PAGE:

99



114. And below are the 2D images that relate to United States Copyright Registration No. VA0002426870:







NIGHT VERSION

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



CHARACTER - Clean **MAIN DRESS 4 STELLA**_COL D_01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE  81

SEQUENCE  000

SCENE  000

NIGHT VERSION

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

115.    Rainbow    owns    United    States    Copyright    Registration    No. PAu004254741 which covers a video (season 6, episode 3 of Rainbow's WINX CLUB animated TV series).

116.    A screen shot from the video is reproduced below:



117.    On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

118.   This is not only infringement of United States Copyright Registration No. PAu004254741, but also infringement of United States Copyright Registration No. VA0002426870 which covers the character STELLA that appears in the painting.   Below are the 2D images that relate to United States Copyright Registration No. VA0002426870:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





NIGHT VERSION

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

119.   Rainbow owns United States Copyright Registration Nos. PA0002519640 and PAu004255086 which cover videos (season 6, episode 1 and season 6, episode 26, respectively, of Rainbow's WINX CLUB animated TV series).

120.   Screen shots taken from the videos are reproduced below.





107

121.   On information and belief, a substantially, if not strikingly similar looking image is displayed on a painting that appears, or did appear, in Defendants' Royale High game, as shown below:



122.   Rainbow owns United States Copyright Registration No. PAu004254743 which covers a video (season 6, episode 2 of Rainbow's WINX CLUB animated TV series).

123.   A screen shot from the video is reproduced below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



124.    On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:



125.    Rainbow    owns    United    States    Copyright    Registration    No. PA0002520526 which covers a video (season 4, episode 3 of Rainbow's WINX CLUB animated TV series).

126.    A screen shot from the video is reproduced below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



127.   On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





128.   This is not only infringement of United States Copyright Registration No. PA0002520520, but also infringement of United States Copyright Registration No. VA0002426870 which covers the character STELLA that appears in the painting.   Below are the 2D images that relate to United States Copyright Registration No. VA0002426870:





114



NIGHT VERSION

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

129. Rainbow owns United States Copyright Registration No. PA0002519431 which covers a video (season 5, episode 18 of Rainbow's WINX CLUB animated TV series).

130. A screen shot from the video is reproduced below (depicting the characters BLOOM, AISHA and STELLA, said characters being covered by other Rainbow copyright registrations discussed elsewhere herein):



131. On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

132. Rainbow owns United States Copyright Registration No. PA0002520300 which covers a video (season 6, episode 16 of Rainbow's WINX CLUB animated TV series).

133. A screen shot from the video is reproduced below:



134. On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





135.   This is not only infringement of United States Copyright Registration

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

No. PA0002520300, but also infringement of United States Copyright Registration Nos. VA0002426867 and VA0002426875 which cover the characters BLOOM and MUSA, respectively, that appear in the painting.

136.    Below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426867:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





137. And below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426875:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





CHARACTER - Clean **MAIN DRESS 4 MUSA**_COL D_01

ID: 81-MAIN DRESS 4 MUSA-COL D-01

REFERENCE FOR EYE COLOR

HAIR COLOR LINE

APPROVED BY:
DATE:
REVISED:

EPISODE   81

SEQUENCE   000

SCENE   000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner  except for production purposes, without written permission from an authorized officer of the company
©R&W   All Rights Reserved
PAGE:



NIGHT VERSION

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



138.  Rainbow owns United States Copyright Registration No. PA0002519811 which covers a video (season 6, episode 5 of Rainbow's WINX CLUB animated TV series).

139.  A screen shot from the video is reproduced below:



126

140.    On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

141.   This is not only infringement of United States Copyright Registration No. PA0002519803, but also infringement of United States Copyright Registration Nos. VA0002426875 and VA0002424966 which cover the characters MUSA and TECNA, respectively, that appear in the painting.

142.   Below are the 2D image deposits that relate to United States Copyright Registration No. VA0002426875:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





143.   And below are the 2D image deposits that relate to United States Copyright Registration No. VA0002424966:



NIGHT VERSION

CHARACTER - Clean **MAIN DRESS 4 TECNA**_COL D_01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE 81

SEQUENCE 000

SCENE 000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, or without written permission from an authorized officer of the company.
© RBW   All Rights Reserved
PAGE:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



144. Rainbow owns United States Copyright Registration No. PA0002519811 which covers a video (season 6, episode 4 of Rainbow's WINX CLUB animated TV series).

145. A screen shot from the video is reproduced below:



146. On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

147.   This is not only infringement of United States Copyright Registration No. PA0002519811, but also infringement of United States Copyright Registration No. VA0002426875 which covers the character MUSA that appears in the painting. Below are the 2D images that relate to United States Copyright Registration No. VA0002426875:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



NIGHT VERSION



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

148.   Rainbow owns United States Copyright Registration No. PA0002520520 which covers a video (season 3, episode 26 of Rainbow's WINX CLUB animated TV series).

149.   A screen shot from the video is reproduced below:



150.   On information and belief, Defendants directly copied that screenshot and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

151.   This is not only infringement of United States Copyright Registration No. PA0002520526, but also infringement of United States Copyright Registration No. VA0002424966 which covers the character TECNA that appears in the paintings.   Below are the 2D images that relate to Copyright Registration No. VA0002424966:







FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



NIGHT VERSION



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

152. Rainbow owns United States Copyright Registration No. PA0002520248 which covers a video (season 6, episode 6 of Rainbow's WINX CLUB animated TV series).

153. A screen shot from the video is reproduced below (depicting the characters FLORA, STELLA, AISHA, MUSA and TECNA, said characters being covered by other United States copyright registrations, discussed elsewhere herein):



154. On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



155.    Rainbow    owns    United    States    Copyright    Registration    No. PA0002519639 which covers a video (season 5, episode 23 of Rainbow's WINX CLUB animated TV series).

156.    A Screen shot taken from the video is reproduced below (depicting the characters AISHA, BLOOM, TECNA, FLORA and STELLA, said characters being covered by other United States copyright registrations, discussed elsewhere herein).



157.    On information and belief, Defendants took that screen shot and

143

displayed a substantially similar, if not strikingly similar, image on a painting that appears, or did appear, in their Royale High game, as shown below:



158.    Rainbow owns United States Copyright Registration Nos. PA0002520270 which covers a video (season 7, episode 19 of Rainbow's WINX CLUB animated TV series).

159.    Screen shots taken from the video are reproduced below.





160.    On information and belief, Defendants took the ballroom from those screen shots and displayed it on paintings that appear, or did appear, in their Royale High game, as shown below:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



161. Rainbow owns United States Copyright Registration No. PA0002520196 which covers a video (season 1, episode 2 of Rainbow's WINX CLUB animated TV series).

162. A screen shot taken from the video is reproduced below.



163.   On information and belief, Defendants took the building from that screen shot and displayed a substantially similar, if not striking similar, version of it on a painting that appears, or did appear, in their Royale High game, as shown below, as well as included the Winx Club character name "Alfea" on the painting:



164.   Rainbow owns United States Copyright Registration No. PA0002483049 which covers a video (season 7, episode 11 of Rainbow's WINX CLUB animated TV series).

165.   A screen shot from the video is reproduced below (depicting the character STELLA who is also covered by Rainbow's United States Copyright Registration No. VA0002426870 discussed elsewhere herein):

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



166.   On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

167. Rainbow owns United States Copyright Registration No. PA0002519431 which covers a video (season 5, episode 18 of Rainbow's WINX CLUB animated TV series).

168. A screen shot from the video is reproduced below (depicting the characters BLOOM, AISHA and STELLA, said characters being covered by other United States copyright registrations, discussed elsewhere herein):



169. On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

170.    Rainbow    owns    United    States    Copyright    Registration    No. PA0002519639 which covers a video (season 5, episode 23 of Rainbow's WINX CLUB animated TV series).

171.    A screen shot from the video is reproduced below:



172.    On information and belief, Defendants directly copied that screenshot and displayed it on a painting that appears, or did appear, in their Royale High game, as shown below:



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

173.   This is not only infringement of Rainbow's United States Copyright Registration No. PA0002519639, but also infringement of Rainbow's United States Copyright Registration Nos. VA0002426875 and VA0002426865 which cover the characters MUSA and RIVEN, respectively, that appear in the painting.

174.   Below are the 2d images that relate to United States Copyright Registration Nos. VA0002426875:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



CHARACTER - Clean **MAIN DRESS 4 MUSA**_COL D_01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:
DATE:
REVISED:

EPISODE 81

SEQUENCE 000

SCENE 000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, without written permission from an authorized officer of the company

©RBW   All Rights Reserved

PAGE:



NIGHT VERSION

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

1
2
3
4
5
6
7
8
9
10



11   175.  And below are the 2D images that relate to United States Copyright
12  Registration No. VA0002426865:

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

176.   Rainbow  owns  United  States  Copyright  Registration  No. PA0002520526 which covers a video (season 4, episode 3 of Rainbow's WINX CLUB animated TV series).

177.   Screen shots from the video are reproduced below:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



178.   On information and belief, Defendants took the building (called the "Love & Pet Shop" in the animated TV series) that appears in those screen shots and used a substantially, if not strikingly similar version of the building in their Royale High game as a pet adoption area, as shown below:



179.    As shown above, there is a poster displayed in the window on the right. That poster displays, among other things, two characters from the WINX club animated TV series that are covered by United Stats copyright registrations owned by Rainbow.  Specifically, it displays MUSA'S BEAR PET as pointed out below:



180.    MUSA'S BEAR PET is covered by Rainbow's United States Copyright Registration No. VA0002426913.  Below is the 2D image that relates to United States Copyright Registration No. VA0002426913:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



181.    The poster also displays AISHA'S BUNNY PET as pointed out below:



182.    AISHA'S BUNNY PET is covered by Rainbow's United States Copyright Registration No. VA0002426883.  Below is the 2D image that relates to United States Copyright Registration No. VA0002426883:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16      183.   On information and belief, there is another poster displayed in the game

17   as shown below which displays MUSA'S BEAR PET as pointed to below:

18
19
20
21
22
23
24
25
26
27
28

161



184.   And AISHA'S BUNNY PET as pointed to below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

185.    Again, MUSA'S BEAR PET is covered by Rainbow's United States Copyright Registration No. VA0002426913 and AISHA'S BUNNY PET is covered by Rainbow's United States Copyright Registration No. VA0002426883.

186.    That poster also displays characters that appear in videos covered by Rainbow's Copyright Registration Nos. PA0002520526 (Season 4, episode 3 of the WINX club animated TV series) and PA0002520526 (Season 4, episode 4 of the WINX club animated TV series).    Screen shots taken from those videos are reproduced below:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

187. Rainbow owns United States Copyright Registration No. PA0002519811 which covers a video (season 6, episode 4 of Rainbow's WINX CLUB animated TV series).

188. A screen shot from the video is reproduced below:



189. As shown, that video features a blue bunny character called KIKO.

190. That blue bunny character also appears in other videos covered by United States Copyright Registrations owned by Rainbow.

191. For example, below is a screen shot from Rainbow's United States Copyright Registration No. PA0002483048 (season 7, episode 12 of Rainbow's WINX CLUB animated TV series):



192.   Below is a screen shot from Rainbow's United States Copyright Registration No. PA0002520526 (season 4, episode 17 of Rainbow's WINX CLUB animated TV series):



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

193.   Below is a screen shot from Rainbow's United States Copyright Registration No. PA0002519449 (season 5, episode 1 of Rainbow's WINX CLUB animated TV series):



194.   And below is a screen shot from Rainbow's United States Copyright Registration No. PA0002520257 (season 7, episode 25 of Rainbow's WINX CLUB animated TV series):



195.   On information and belief, Defendants infringed these registrations by using a substantially, if not strikingly similar version of the blue bunny character in its game, as shown below:



196.   The Defendants' Royale High game has a scene where several characters are seated at a long table.  Many of the characters sitting at the table come directly from Rainbow's WINX CLUB animated TV series.

197.   Below goes through the characters from left to right, as they sit at the table, using a yellow arrow to identify the character being discussed.

198. The first character, pointed to in the below screen shot from Defendants' Royale High game:



is a pet character that appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from United States Copyright Registration No. PA0002483047 (season 7, episode 5 of Rainbow's WINX CLUB animated TV series):



199.    Below is a screen shot from United States Copyright Registration No. PA0002483044 (season 7, episode 6 of Rainbow's WINX CLUB animated TV series):



200.    Below is a screen shot from United States Copyright Registration No. PA0002483041 (season 7, episode 15 of Rainbow's WINX CLUB animated TV series):



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

201.   Below is a screen shot from United States Copyright Registration No. PA0002520260 (season 7, episode 24 of Rainbow's WINX CLUB animated TV series):



202.   And below is a screen shot from United States Copyright Registration No. PA0002520251 (season 7, episode 26 of Rainbow's WINX CLUB animated TV series):



170

203. Another character, pointed to in the below screen shot from Defendants' Royale High game:



is STELLA'S POODLE PET from Rainbow's WINX CLUB animated TV series and is covered by Rainbow's United States Copyright Registration No. VA0002426911. Below is the 2D image that relates to United States Copyright Registration No. VA0002426911:



204. This character also appears several times in a video covered by Rainbow's United States Copyright Registration No. PA0002520526 (season 4, episode 4 of Rainbow's WINX CLUB animated TV series). Below are screen shots from that video:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





205. Another character, pointed to in the below screen shot from Defendants' Royale High game:



is MUSA'S BEAR PET from Rainbow's WINX CLUB animated TV series and is covered by   Rainbow's United States Copyright Registration No. VA0002426913. Below is the 2D image that relates to Copyright Registration No. VA0002426913:

206.   This character also appears several times in season 4, episode 4 of

Rainbow's WINX CLUB animated TV series and is covered by Rainbow's United States Copyright Registration No. PA0002520196. Below are screen shots from that video:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

207. Another character, pointed to in the below screen shot from Defendants' Royale High game:



is FLORA'S CAT PET from Rainbow's WINX CLUB animated TV series and is covered by Rainbow's United States Copyright Registration No. VA0002426910. Below is the 2D image that relates to United States Copyright Registration No. VA0002426910:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12



13  208.   This character also appears several times in, for example, season 4,
14  episode 4 of Rainbow's WINX CLUB animated TV series and is covered by
15  Rainbow's United States Copyright Registration No. PA0002520526.  Below is a
16  screen shot from that video:

17
18
19
20
21
22
23
24
25
26
27
28



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

209.  Rainbow's WINX CLUB animated TV series features a character called CHATTA.  The character CHATTA is covered by Rainbow's United States Copyright Registration No. VA0002426885.  Below is the 2D image that relates to United States Copyright Registration No. VA0002426885:



210.  This character also appears in many videos covered by United States Copyright Registrations owned by Rainbow.

211.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255086 (Season 6, Episode 26 of Rainbow's WINX CLUB animated TV series):

1
2
3
4
5
6
7
8
9
10
11



12  212.  Below is screen shot from the video covered by Rainbow's United
13  States Copyright Registration No. PA0002520248 (Season 6, Episode 6 of
14  Rainbow's WINX CLUB animated TV series):

15
16
17
18
19
20
21
22
23
24

25  213.  Below is screen shot from the video covered by Rainbow's United
26  States Copyright Registration No. PA0002483044 (Season 7, Episode 6 of
27  Rainbow's WINX CLUB animated TV series):
28

1
2
3
4
5
6
7
8
9
10
11



12  214.  Below is screen shot from the video covered by Rainbow's United
13  States Copyright Registration No. PAu004255088 (Season 6, Episode 24 of
14  Rainbow's WINX CLUB animated TV series):



25  215.  And below is screen shot from the video covered by Rainbow's United
26  States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of
27  Rainbow's WINX CLUB animated TV series):
28

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



216. On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly, similar to Rainbow's character CHATTA:





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

217. Rainbow's WINX CLUB animated TV series features a certain character called PIFF which appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520261 (Season 6, Episode 9 of Rainbow's WINX CLUB animated TV series):



218. Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520304 (Season 6, Episode 12 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



219.  Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520303 (Season 6, Episode 13 of Rainbow's WINX CLUB animated TV series):



220.  Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



221.   On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly, similar to Rainbow's character:





222.   Rainbow's WINX CLUB animated TV series features a certain character called LOCKETTE which appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255086 (Season 6, Episode 26 of Rainbow's WINX CLUB animated TV series):



223.   Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520248 (Season 6, Episode 6 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



224.    Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483044 (Season 7, Episode 6 of Rainbow's WINX CLUB animated TV series):



225.    Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255088 (Season 6, Episode 24 of Rainbow's WINX CLUB animated TV series):



226.    And below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of Rainbow's WINX CLUB animated TV series):



227.    The character LOCKETTE is also covered by Rainbow's United States Copyright Registration No. VA0002426313.  Below is a 2D image that relates to United States Copyright Registration No. VA0002426313:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



228.   On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly, similar to Rainbow's character:

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



229.  Rainbow's WINX CLUB animated TV series features a certain character CHERIE (a small character with blue hair) which appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255086 (Season 6, Episode 26 of Rainbow's WINX CLUB animated TV series):

1
2
3
4
5
6
7
8
9
10
11



12   230.   Below is screen shot from the video covered by Rainbow's United
13   States Copyright Registration No. PAu004255088 (Season 6, Episode 24 of
14   Rainbow's WINX CLUB animated TV series):



24   231.   And below is screen shot from the video covered by Rainbow's United
25   States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of
26   Rainbow's WINX CLUB animated TV series):
27
28

190



232.    On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly, similar to Rainbow's character:



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

233.   Rainbow's WINX CLUB animated TV series features a certain character called CARAMEL (a small female character with orange hair up in two buns) which appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255086 (Season 6, Episode 26 of Rainbow's WINX CLUB animated TV series):



234.   Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255088 (Season 6, Episode 24 of Rainbow's WINX CLUB animated TV series):



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

235.    And below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of Rainbow's WINX CLUB animated TV series):



236.    On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly, similar to Rainbow's character:



237.   Rainbow's WINX CLUB animated TV series features a certain character called AMORE (a small character with straight reddish hair) which appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255086 (Season 6, Episode 26 of Rainbow's WINX CLUB animated TV series) depicting AMORE third from the right at the top):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11



12    238.   Below is screen shot from the video covered by Rainbow's United
13 States Copyright Registration No. PAu004255088 (Season 6, Episode 24 of
14 Rainbow's WINX CLUB animated TV series) depicting AMORE on the left:

15
16
17
18
19
20
21
22
23



24    239.   And below is screen shot from the video covered by Rainbow's United
25 States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of
26 Rainbow's WINX CLUB animated TV series) depicting AMORE top, left:
27
28

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



240.   The character AMORE is also covered by Rainbow's United States Copyright Registration No. VA0002426312.  Below is a 2D image that relates to United States Copyright Registration No. VA0002426312:



196

241.   On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly similar to Rainbow's character:





242.   Rainbow's WINX CLUB animated TV series features a character called BLOOM'S SHEEP PET.  The character BLOOM'S SHEEP PET is covered by Rainbow's United States Copyright Registration No. VA0002426906.  Below is the 2D image that relates to United States Copyright Registration No. VA0002426906:



243.   This character also appears in many videos covered by United States Copyright Registrations owned by Rainbow.

244.   For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520526 (Season 4, Episode 6 of Rainbow's WINX CLUB animated TV series):



245.    And below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520526 (Season 4, Episode 26 of Rainbow's WINX CLUB animated TV series):



246.    On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly similar to BLOOM'S SHEEP PET:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



247. Rainbow's WINX CLUB animated TV series features a certain character (a female fish-like character) which appears in many videos covered by United States Copyright Registrations owned by Rainbow. For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002519445 (Season 5, Episode 8 of Rainbow's WINX CLUB animated TV series):



248.   Below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002519437 (Season 5, Episode 11 of Rainbow's WINX CLUB animated TV series):



249.   And below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002519435 (Season 5, Episode 13 of Rainbow's WINX CLUB animated TV series):



250.   On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly similar to Rainbow's character:



251.    Rainbow's WINX CLUB animated TV series features a certain character (a small lioness character) which appears in at least one video covered by United States Copyright Registrations owned by Rainbow.  For example, below is screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520526 (Season 4, Episode 4 of Rainbow's WINX CLUB animated TV series):



252.    On information and belief, as shown below, Defendants' Royale High game features, or did feature, a character that looks substantially, if not strikingly similar to Rainbow's character:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

253. Rainbow's WINX CLUB animated TV series features a certain character (a small female character named CHERIE wearing a headband that includes tear drops) which appears in at least one video covered by United States Copyright Registrations owned by Rainbow. For example, below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PAu004255089 (Season 6, Episode 22 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





254.   On information and belief, as shown below, Defendants' Royale High game features a character that looks substantially, if not strikingly similar to

Rainbow's character:



255.    On information and belief, Defendants' Royale High game features, or did feature, many sets of wings that are substantially, if not strikingly similar to very distinctive wings that are featured in Rainbow's WINX CLUB animated TV series.

256.    For example, on information and belief, below is a screen shot from Defendants' Royale High game:

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



257.   The wings on the left (see the yellow arrow) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 21 of Rainbow's WINX CLUB animated TV series):

258.   Below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 22 of Rainbow's WINX CLUB animated TV series):

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

259. Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 16 of Rainbow's WINX CLUB animated TV series):



260. And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 26 of Rainbow's WINX CLUB animated TV series):

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



261.    Also, the wings are covered by Rainbow's United States Copyright Registration No. VA0002426870 for the character STELLA.  Below are the 2D images that relate to United States Copyright Registration No. VA0002426870:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



NIGHT VERSION

CHARACTER - Clean **MAIN DRESS 4 STELLA**_COL D_01

HAIR COLOR LINE

REFERENCE FOR EYE COLOR

APPROVED BY:

DATE:

REVISED:

EPISODE  81

SEQUENCE  000

SCENE  000

This material is unpublished and must not be taken from the studio, duplicated or used in any manner, except for production purposes, without written permission from an authorized officer of the company

© RBW   All Rights Reserved

PAGE:

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT



262.   On information and belief, below is a screen shot from Defendants' Royale High game:

263.   The wings in the middle (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520303 (Season 6, Episode 13 of Rainbow's WINX CLUB animated TV series):



264.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255095 (Season 6, Episode 19 of Rainbow's WINX CLUB animated TV series):

265.   Below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PAu004255088 (Season 6, Episode 24 of Rainbow's WINX CLUB animated TV series):





266.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255086 (Season 6, Episode 26 of Rainbow's WINX CLUB animated TV series):



267.     On information and belief, below is a screen shot from Defendants' Royale High game:



268.     The wings on the left (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow. For example, below

is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483041 (Season 7, Episode 15 of Rainbow's WINX CLUB animated TV series):



269.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483043 (Season 7, Episode 16 of Rainbow's WINX CLUB animated TV series):



270.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520285 (Season 7, Episode 17 of Rainbow's WINX CLUB animated TV series):



271.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PAu004255089 (Season 7, Episode 22 of Rainbow's WINX CLUB animated TV series):



272. And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520257 (Season 7, Episode 25 of Rainbow's WINX CLUB animated TV series):



273. On information and belief, below is a screen shot from Defendants' Royale High game:



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

274.   The wings on the right (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483047 (Season 7, Episode 5 of Rainbow's WINX CLUB animated TV series):



275.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483046 (Season 7, Episode 8 of Rainbow's WINX CLUB animated TV series):

1
2
3
4
5
6
7
8
9
10
11



12   276.   Below is a screen shot from the video covered by Rainbow's United
13 States Copyright Registration No. PA0002520270 (Season 7, Episode 19 of
14 Rainbow's WINX CLUB animated TV series):

15
16
17
18
19
20
21
22
23
24
25
26
27
28



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

277.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520266 (Season 7, Episode 21 of Rainbow's WINX CLUB animated TV series):



278.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520251 (Season 7, Episode 26 of Rainbow's WINX CLUB animated TV series):



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

279.   On information and belief, below is a screen shot from Defendants' Royale High game:



280.   The wings in the upper right (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483050 (Season 7, Episode 7 of Rainbow's WINX CLUB animated TV series):



281.    Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483050 (Season 7, Episode 7 of Rainbow's WINX CLUB animated TV series):



282.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483051 (Season 7, Episode 10 of Rainbow's WINX CLUB animated TV series):



283.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483049 (Season 7, Episode 11 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



284.    On information and belief, below is a screen shot from Defendants'
Royale High game:



285.   The wings on the left (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 26 of Rainbow's WINX CLUB animated TV series):



286.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 8 of Rainbow's WINX CLUB animated TV series):



287.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 26 of Rainbow's WINX CLUB animated TV series):



FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

288.    Also, the wings are covered by Rainbow's United States Copyright Registration No. VA0002426882 for the character FLORA.    Below are the 2D images that relate to United States Copyright Registration No. VA0002426882:









**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



289. On information and belief, below is a screen shot from Defendants' Royale High game:



290.   The wings in the middle (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PAu004255096 (Season 6, Episode 17 of Rainbow's WINX CLUB animated TV series):





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

291.  On information and belief, below is a screen shot from Defendants' Royale High game:



292.  The wings on the right (see the yellow arrow, above) are substantially if not strikingly similar to very distinctive wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PA0002519452 (World of Winx, trailer):





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



293.   On information and belief, below is a screen shot from Defendants'
Royale High game:



294.   As shown above, there is a character that sports very distinctive blue

237

and pink wings.  Those blue and pink wings are substantially, if not strikingly, similar to blue and pink wings that appear in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002483041 (Season 7, Episode 15 of Rainbow's WINX CLUB animated TV series):



295.  Below is a screen shot from the video covered by United States Copyright Registration No. PA0002483043 (Season 7, Episode 16 of Rainbow's WINX CLUB animated TV series):

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



296.   Below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520285 (Season 7, Episode 17 of Rainbow's WINX CLUB animated TV series):



297.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520263 (Season 7, Episode 22 of Rainbow's WINX CLUB animated TV series):



298.   On information and belief, below is a screen shot from Defendants' Royale High game:



299.    As shown above, there is a character that sports a set of green, transparent wings.  That character is covered by Rainbow's United States Copyright Registration No. VA0002426882 for the character FLORA.  Below are the 2D images that relate to United States Copyright Registration No. VA0002426882:







**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



300.   That character, with the very distinctive green, transparent wings, appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 26 of Rainbow's WINX CLUB animated TV series):



301.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 26 of Rainbow's WINX CLUB animated TV series):



302.   On information and belief, below is a screen shot from Defendants' Royale High game:



303.   As shown above, there is a character that sports a set of multi-layered blue and green wings.   That character is covered by Rainbow's United States Copyright Registration No. VA0002426870 for the character STELLA.   Below are the 2D images that relate to United States Copyright Registration No. VA0002426870:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**







NIGHT VERSION

CHARACTER - Clean **MAIN DRESS 4 STELLA**_COL D_01



304.   That character that appears in their Royale High game, including those multi-layered blue and green wings, is strikingly similar to the character STELLA that appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 21 of Rainbow's WINX CLUB animated TV series):



**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

305.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 16 of Rainbow's WINX CLUB animated TV series):



306.   On information and belief, below are screen shots from Defendants' Royale High game:

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**



307.   As shown above, there is a character that carries a very distinctive wand that includes spokes and a center that glows yellow when the character is fighting. That wand (and the way it works regarding the middle lighting up yellow) is substantially, if not strikingly similar to a wand that appears in many videos covered by United States Copyright Registrations owned by Rainbow.  For example, below

are screen shots from the video covered by Rainbow's United States Copyright Registration No. PA0002520196 (Season 1, Episode 21 of Rainbow's WINX CLUB animated TV series):





1

2

3

308.   Below are screen shots from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 3 of Rainbow's WINX CLUB animated TV series):





**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

309.   And below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520199 (Season 2, Episode 7 of Rainbow's WINX CLUB animated TV series):



310.   On information and belief, below is a screen shot from Defendants' Royale High game:



311.  As shown above, there is a sign in the game that reads "Welcome to Gardenia".  The same exact words appear on a sign that is displayed in at least one video covered by United States Copyright Registrations owned by Rainbow.  For example, below is a screen shot from the video covered by Rainbow's United States Copyright Registration No. PA0002520520 (Season 4, Episode 5 of Rainbow's WINX CLUB animated TV series):



## COUNT 1:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520199

312.  Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

313.  Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520199 which is properly registered with the United States Copyright Office.

314.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520199 through the creation, development, release, and commercialization of Royale High.

315.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

316.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

317.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

318.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

319.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

320.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

321.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

322.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

323.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

324.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

325.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 2:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520526

326.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

327.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520526 which is properly registered with the United States Copyright Office.

328.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow,  including that which is protected by United States Copyright Registration No. PA0002520526 through the creation, development, release, and commercialization of Royale High.

329.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/o display of Rainbow's works, whether expressly or otherwise.

330.    Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

331.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

332.    Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

333.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

334.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

335.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

336.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

337.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

338.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

339.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 3:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520196

340.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

341.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520196 which is properly registered with the United States Copyright Office.

342.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520196 through the creation, development, release, and commercialization of Royale High.

343.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

344.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

345.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

346.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

347.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

348.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

349.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

350.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

351.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

352.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

353.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

**COUNT 4:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA 4. PA0002520520**

354.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

355.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520520 which is properly registered with the United States Copyright Office.

356.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520520 through the creation, development, release, and commercialization of Royale High.

357.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

358.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

359.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

360.   Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

361. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

362. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

363. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

364. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

365. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

366. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

367. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## **COUNT 5:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520205**

368. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

369. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520205 which is properly registered with the United States Copyright Office.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

370.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520205 through the creation, development, release, and commercialization of Royale High.

371.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

372.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

373.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

374.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

375.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

376.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

377.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

378.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

379.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

380.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

381.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 6:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519811

382.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

383.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519811 which is properly registered with the United States Copyright Office.

384.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519811 through the creation, development, release, and commercialization of Royale High.

385.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

386.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

387.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

388.   Defendants' works are substantially, if not strikingly, similar to

262

Rainbow's protected works with regard to protectable elements.

389.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

390.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

391.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

392.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

393.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

394.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

395.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 7:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519640

396.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

397.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519640 which is properly registered with the United States Copyright Office.

398.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519640 through the creation, development, release, and commercialization of Royale High.

399.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

400.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

401.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

402.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

403.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

404.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

405.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

406.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

407.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

408.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

409.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 8:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519435

410.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

411.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519435 which is properly registered with the United States Copyright Office.

412.    Defendants exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519435 through the creation, development, release, and commercialization of Royale High.

413.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

414.    Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

415.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

416.    Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

417.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

418.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

419.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

420.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

421.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

422.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

423.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 9:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519448

424.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

425.   Rainbow is the sole owner of the copyrights protected by the Registration listed in Exhibit A, including United States Copyright Registration No. PA0002519448 which is properly registered with the United States Copyright Office.

426.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519448 through the creation, development, release, and commercialization of Royale High.

427.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

428.    Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

429.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

430.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

431.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

432.    Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

433.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

434.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

435.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

436.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

437.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 10:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519449

438.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

439.   Rainbow is the sole owner of the copyrights protected by the Registration in Exhibit A, including United States Copyright Registration No. PA0002519449 which is properly registered with the United States Copyright Office.

440.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519449 through the creation, development, release, and commercialization of Royale High.

441.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

442.   Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

443.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

444.   Defendants' works are substantially, if not strikingly, similar to

268

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

Rainbow's protected works with regard to protectable elements.

445. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

446. Defendants' unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

447. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

448. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

449. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

450. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

451. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 11:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519445

452. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

453. Rainbow is the sole owner of the copyrights protected by the Registration listed in Exhibit A, including United States Copyright Registration No. PA0002519445 which is properly registered with the United States Copyright Office.

454.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519445 through the creation, development, release, and commercialization of Royale High.

455.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

456.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

457.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

458.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

459.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

460.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

461.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

462.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

463.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

464.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

465.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 12:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519437

466.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

467.    Rainbow is the sole owner of the copyrights protected by the Registration listed in Exhibit A, including United States Copyright Registration No. PA0002519437 which is properly registered with the United States Copyright Office.

468.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519437 through the creation, development, release, and commercialization of Royale High.

469.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

470.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

471.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

472.    Defendants' works are substantially, if not strikingly, similar to

271

Rainbow's protected works with regard to protectable elements.

473.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

474.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

475.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

476.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

477.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

478.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

479.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 13:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520248

480.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

481.   Rainbow is the sole owner of the copyrights protected by the Registration listed in Exhibit A, including United States Copyright Registration No. PA0002520248 which is properly registered with the United States Copyright Office.

482.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520248 through the creation, development, release, and commercialization of Royale High.

483.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

484.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

485.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

486.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

487.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

488.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

489.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

490.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

491.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

492.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

493.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 14:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519603

494.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

495.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519603 which is properly registered with the United States Copyright Office.

496.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow,  including that which is protected by United States Copyright Registration No. PA0002519603 through the creation, development, release, and commercialization of Royale High.

497.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

498.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

499.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants..

500.   Defendants' works are substantially, if not strikingly, similar to

274

Rainbow's protected works with regard to protectable elements.

501.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

502.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

503.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

504.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

505.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

506.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

507.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 15:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519639

508.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

509.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519639 which is properly registered with the United States Copyright Office.

275

510.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519639 through the creation, development, release, and commercialization of Royale High.

511.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

512.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

513.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

514.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

515.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

516.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

517.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

518.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

519.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

520.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

521.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 16:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519638

522.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

523.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519638 which is properly registered with the United States Copyright Office.

524.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519638 through the creation, development, release, and commercialization of Royale High.

525.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

526.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

527.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants..

528.   Defendants' works are substantially, if not strikingly, similar to

277

Rainbow's protected works with regard to protectable elements.

529.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

530.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

531.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

532.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

533.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

534.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

535.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 17:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519443

536.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

537.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519443 which is properly registered with the United States Copyright Office.

538.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519443 through the creation, development, release, and commercialization of Royale High.

539.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

540.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

541.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

542.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

543.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

544.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

545.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

546.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

547.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

548.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

549.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 18:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519644

550.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

551.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519644 which is properly registered with the United States Copyright Office.

552.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519644 through the creation, development, release, and commercialization of Royale High.

553.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

554.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

555.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

556.   Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

557.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

558.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

559.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

560.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

561.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

562.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

563.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 19:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519431

564.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

565.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519431 which is properly registered with the United States Copyright Office.

566.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519431 through the creation, development, release, and commercialization of Royale High.

567.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

568.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

569.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

570.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

571.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

572.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

573.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

574.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

575.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

576.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

577.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 20:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520304

578.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

579.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520304 which is properly registered with the United States Copyright Office.

580.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520304 through the creation, development, release, and commercialization of Royale High.

581.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

582.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

583.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

584.   Defendants' works are substantially, if not strikingly, similar to

283

Rainbow's protected works with regard to protectable elements.

585.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

586.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

587.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

588.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

589.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

590.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

591.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 21:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520302

592.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

593.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520302 which is properly registered with the United States Copyright Office.

594.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520302 through the creation, development, release, and commercialization of Royale High.

595.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

596.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

597.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

598.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

599.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

600.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

601.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

602.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

603.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

604.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

605.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 22:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520300

606.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

607.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520300 which is properly registered with the United States Copyright Office.

608.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520300 through the creation, development, release, and commercialization of Royale High.

609.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

610.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

611.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

612.    Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

613.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

614.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

615.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

616.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

617.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

618.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

619.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 23:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520261

620.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

621.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520261 which is properly registered with the United States Copyright Office.

622.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520261 through the creation, development, release, and commercialization of Royale High.

623.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

624.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

625.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

626.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

627.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

628.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

629.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

630.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

631.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

632.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

633.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 24:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520251

634.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

635.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520251 which is properly registered with the United States Copyright Office.

636.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520251 through the creation, development, release, and commercialization of Royale High.

637.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

638.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

639.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

640.   Defendants' works are substantially, if not strikingly, similar to

289

Rainbow's protected works with regard to protectable elements.

641.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

642.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

643.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

644.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

645.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

646.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

647.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 25:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520285

648.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

649.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520285 which is properly registered with the United States Copyright Office.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

650.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520285 through the creation, development, release, and commercialization of Royale High.

651.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

652.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

653.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

654.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

655.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

656.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

657.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

658.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

659.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

660.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

661.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 26:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520270

662.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

663.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520270 which is properly registered with the United States Copyright Office.

664.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520270 through the creation, development, release, and commercialization of Royale High.

665.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

666.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

667.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

668.   Defendants' works are substantially, if not strikingly, similar to

292

Rainbow's protected works with regard to protectable elements.

669.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

670.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

671.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

672.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

673.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

674.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

675.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 27:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520266

676.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

677.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520266 which is properly registered with the United States Copyright Office.

678.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520266 through the creation, development, release, and commercialization of Royale High.

679.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

680.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

681.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

682.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

683.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

684.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

685.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

686.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

687.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

688.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

689.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 28:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520263

690.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

691.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520263 which is properly registered with the United States Copyright Office.

692.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520263 through the creation, development, release, and commercialization of Royale High.

693.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

694.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

695.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

696.   Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

697.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

698.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

699.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

700.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

701.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

702.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

703.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 29:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520260

704.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

705.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520260 which is properly registered with the United States Copyright Office.

706.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520260 through the creation, development, release, and commercialization of Royale High.

707.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

708.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

709.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

710.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

711.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

712.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

713.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

714.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

715.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

716.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

717.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 30:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002520257

718.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

719.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002520257 which is properly registered with the United States Copyright Office.

720.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002520257 through the creation, development, release, and commercialization of Royale High.

721.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

722.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

723.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

724.    Defendants' works are substantially, if not strikingly, similar to

298

Rainbow's protected works with regard to protectable elements.

725.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

726.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

727.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

728.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

729.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

730.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

731.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 31:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002519452

732.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

733.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002519452 which is properly registered with the United States Copyright Office.

734.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002519452 through the creation, development, release, and commercialization of Royale High.

735.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

736.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

737.   Defendants had access to the copyrighted works, at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

738.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

739.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

740.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

741.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

742.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

743.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

744.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

745.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 32:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483041

746.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

747.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483041 which is properly registered with the United States Copyright Office.

748.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483041 through the creation, development, release, and commercialization of Royale High.

749.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

750.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

751.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

752.   Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

753.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

754.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

755.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

756.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

757.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

758.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

759.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 33:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483043

760.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

761.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483043 which is properly registered with the United States Copyright Office.

762.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483043 through the creation, development, release, and commercialization of Royale High.

763.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

764.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

765.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

766.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

767.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

768.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

769.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

770.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

771.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

772.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

773.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 34:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483045

774.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

775.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483045 which is properly registered with the United States Copyright Office.

776.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483045 through the creation, development, release, and commercialization of Royale High.

777.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

778.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

779.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works.

780.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

781.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

782.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

783.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

784.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

785.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

786.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

787.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 35:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483046

788.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

789.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483046 which is properly registered with the United States Copyright Office.

790.   Defendants unlawfully copied and exploited the constituent elements

of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483046 through the creation, development, release, and commercialization of Royale High.

791.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

792.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

793.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

794.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

795.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

796.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

797.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

798.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

799.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

800.   Defendants' acts have damaged and will continue to damage Rainbow,

and Rainbow has no adequate remedy at law.

801.  Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 36:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483047

802.  Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

803.  Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483047 which is properly registered with the United States Copyright Office.

804.  Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483047 through the creation, development, release, and commercialization of Royale High.

805.  At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

806.  Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

807.  Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

808.  Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

809.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

810.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

811.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

812.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

813.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

814.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

815.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 37:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483048

816.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

817.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483048 which is properly registered with the United States Copyright Office.

818.    Defendants unlawfully copied and exploited the constituent elements

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483048 through the creation, development, release, and commercialization of Royale High.

819.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

820.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

821.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

822.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

823.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

824.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

825.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

826.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

827.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

828.    Defendants' acts have damaged and will continue to damage Rainbow,

309

and Rainbow has no adequate remedy at law.

829.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 38:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483049

830.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

831.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483049 which is properly registered with the United States Copyright Office.

832.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483049 through the creation, development, release, and commercialization of Royale High.

833.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

834.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

835.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

836.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

837.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

838.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

839.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

840.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

841.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

842.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

843.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 39:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483050

844.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

845.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483050 which is properly registered with the United States Copyright Office.

846.   Defendants unlawfully copied and exploited the constituent elements

311

of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483050 through the creation, development, release, and commercialization of Royale High.

847.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

848.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

849.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

850.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

851.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

852.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

853.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

854.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

855.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

856.   Defendants' acts have damaged and will continue to damage Rainbow,

and Rainbow has no adequate remedy at law.

857.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 40:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483051

858.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

859.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483051 which is properly registered with the United States Copyright Office.

860.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483051 through the creation, development, release, and commercialization of Royale High.

861.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

862.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

863.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

864.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

865.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

866.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

867.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

868.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

869.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

870.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

871.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 41:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483052

872.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

873.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483052 which is properly registered with the United States Copyright Office.

874.   Defendants unlawfully copied and exploited the constituent elements

314

of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483052 through the creation, development, release, and commercialization of Royale High.

875.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

876.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

877.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

878.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

879.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

880.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

881.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

882.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

883.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

884.    Defendants' acts have damaged and will continue to damage Rainbow,

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

and Rainbow has no adequate remedy at law.

885.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 42:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483054

886.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

887.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483054 which is properly registered with the United States Copyright Office.

888.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483054 through the creation, development, release, and commercialization of Royale High.

889.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

890.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

891.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

892.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

893.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

894.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

895.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

896.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

897.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

898.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

899.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 43:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483443

900.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

901.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483443 which is properly registered with the United States Copyright Office.

902.   Defendants unlawfully copied and exploited the constituent elements

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483443 through the creation, development, release, and commercialization of Royale High.

903.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

904.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

905.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

906.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

907.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

908.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

909.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

910.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

911.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

912.   Defendants' acts have damaged and will continue to damage Rainbow,

318

and Rainbow has no adequate remedy at law.

913.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 44:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PA0002483044

914.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

915.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PA0002483044 which is properly registered with the United States Copyright Office.

916.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PA0002483044 through the creation, development, release, and commercialization of Royale High.

917.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

918.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

919.    Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

920.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

921.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

922.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

923.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

924.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

925.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

926.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

## COUNT 45:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU004254741

927.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

928.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAU004254741 which is properly registered with the United States Copyright Office.

929.   Defendants exploited the constituent elements of Rainbow's works, including that which is protected by United States Copyright Registration No. PAU004254741 through the creation, development, release, and commercialization of Royale High.

930.   At no point in time did Rainbow authorize, permit, or consent to

Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

931.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

932.    Defendants' infringing acts were willful within the meaning of 17 U.S.C. § 504(c)(2).

933.    Defendants had access to the copyrighted work, for example, due to the widespread dissemination of Rainbow's works.

934.    Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

935.    At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

936.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

937.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

938.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

939.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

940.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

941.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced

profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 46:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU004254743

942.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

943.   Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAu004254743 which is properly registered with the United States Copyright Office.

944.   Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PAu004254743 through the creation, development, release, and commercialization of Royale High.

945.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

946.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

947.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

948.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

949.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

950.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

951.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

952.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

953.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

954.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

955.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 47:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU003752555

956.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

957.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAu003752555 which is properly registered with the United States Copyright Office.

958.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. P Au003752555 through the creation, development, release, and commercialization of Royale High.

959.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

960.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

961.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

962.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

963.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

964.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

965.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

966.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

967.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

968.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

969.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced

profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

### COUNT 48:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU000255088

970.  Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

971.  Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAu004255088 which is properly registered with the United States Copyright Office.

972.  Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PAu004255088 through the creation, development, release, and commercialization of Royale High.

973.  At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

974.  Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

975.  Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

976.  Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

977.  At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

978.    Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

979.    Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

980.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

981.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

982.    Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

983.    Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 49:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU004255089

984.    Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

985.    Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAU004255089 which is properly registered with the United States Copyright Office.

986.    Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PAU004255089 through the creation, development, release, and commercialization of Royale High.

987.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

988.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

989.   Defendants' infringing acts were willful within the meaning of 17 U.S.C. § 504(c)(2).

990.   Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

991.   Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

992.   At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

993.   Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

994.   Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

995.   Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

996.   Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

997.   Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

998.   Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 50:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU004255086

999.   Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1000. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAu004255086 which is properly registered with the United States Copyright Office.

1001. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. PAu004255086 through the creation, development, release, and commercialization of Royale High.

1002. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1003. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1004. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1005. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1006. At no point in time did Rainbow authorize, permit, or consent to

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1007. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1008. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1009. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1010. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1011. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1012. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 51:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. PAU004255096

1013. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1014. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. PAu004255096 which is properly registered with the United States Copyright Office.

1015. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow,  including that which is

protected by United States Copyright Registration No. PAu004255096 through the creation, development, release, and commercialization of Royale High.

1016. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1017. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1018. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1019. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1020. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1021. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1022. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1023. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1024. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1025. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

1026. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 52:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426312

1027. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1028. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426312 which is properly registered with the United States Copyright Office.

1029. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426312 through the creation, development, release, and commercialization of Royale High.

1030. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1031. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1032. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1033. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1034. At no point in time did Rainbow authorize, permit, or consent to

Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1035. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1036. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1037. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1038. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1039. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1040. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 53:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426313

1041. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1042. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426313 which is properly registered with the United States Copyright Office.

1043. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is

332

protected by United States Copyright Registration No. VA0002426313 through the creation, development, release, and commercialization of Royale High.

1044. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1045. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1046. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1047. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1048. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1049. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1050. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1051. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1052. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1053. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1054. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 54:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426865

1055. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1056. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426865 which is properly registered with the United States Copyright Office.

1057. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426865 through the creation, development, release, and commercialization of Royale High.

1058. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1059. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1060. Defendants' infringing acts were willful within the meaning of 17 U.S.C. § 504(c)(2).

1061. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1062. Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

1063. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1064. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1065. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1066. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1067. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1068. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1069. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 55:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426867

1070. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1071. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426867 which is properly registered with the United States Copyright Office.

1072. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426867 through the creation, development, release, and commercialization of Royale High.

1073. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1074. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1075. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1076. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1077. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1078. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1079. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1080. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1081. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1082. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1083. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 56:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426870

1084. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1085. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426870 which is properly registered with the United States Copyright Office.

1086. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426870 through the creation, development, release, and commercialization of Royale High.

1087. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1088. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1089. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1090. Defendants' works are substantially, if not strikingly, similar to

337

Rainbow's protected works with regard to protectable elements.

1091. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1092. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1093. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1094. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1095. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1096. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1097. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 57:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426872

1098. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1099. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426872 which is properly registered with the United States Copyright Office.

1100. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426872 through the creation, development, release, and commercialization of Royale High.

1101. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1102. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1103. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1104. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1105. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1106. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1107. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1108. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1109. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1110. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1111. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 58:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426875

1112. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1113. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426875 which is properly registered with the United States Copyright Office.

1114. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426875 through the creation, development, release, and commercialization of Royale High.

1115. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1116. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1117. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1118. Defendants' works are substantially, if not strikingly, similar to

340

Rainbow's protected works with regard to protectable elements.

1119. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

1120. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1121. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1122. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1123. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1124. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1125. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 59:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426881

1126. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1127. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426881 which is properly registered with the United States Copyright Office.

1128. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426881 through the creation, development, release, and commercialization of Royale High.

1129. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1130. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1131. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1132. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1133. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1134. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1135. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1136. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1137. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1138. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1139. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 60:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426881

1140. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1141. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426881 which is properly registered with the United States Copyright Office.

1142. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426881 through the creation, development, release, and commercialization of Royale High.

1143. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1144. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1145. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1146. Defendants' works are substantially, if not strikingly, similar to

Rainbow's protected works with regard to protectable elements.

1147. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1148. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1149. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1150. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1151. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1152. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1153. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 61: DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426882

1154. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1155. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426882 which is properly registered with the United States Copyright Office.

1156. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426882 through the creation, development, release, and commercialization of Royale High.

1157. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1158. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1159. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1160. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1161. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1162. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1163. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1164. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1165. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1166. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1167. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 62:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426885

1168. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1169. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426885 which is properly registered with the United States Copyright Office.

1170. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426885 through the creation, development, release, and commercialization of Royale High.

1171. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1172. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1173. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1174. Defendants' works are substantially, if not strikingly, similar to

346

Rainbow's protected works with regard to protectable elements.

1175. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1176. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1177. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1178. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1179. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1180. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1181. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 63:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426889

1182. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1183. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426889 which is properly registered with the United States Copyright Office.

1184. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426889 through the creation, development, release, and commercialization of Royale High.

1185. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1186. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1187. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1188. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1189. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1190. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1191. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1192. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1193. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

348

1194. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1195. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 64:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426906

1196. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1197. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426906 which is properly registered with the United States Copyright Office.

1198. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426906 through the creation, development, release, and commercialization of Royale High.

1199. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1200. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1201. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1202. Defendants' works are substantially, if not strikingly, similar to

349

Rainbow's protected works with regard to protectable elements.

1203. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

1204. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1205. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1206. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1207. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1208. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1209. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 65:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426910

1210. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1211. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426910 which is properly registered with the United States Copyright Office.

1212. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426910 through the creation, development, release, and commercialization of Royale High.

1213. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1214. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1215. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1216. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1217. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1218. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1219. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1220. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1221. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1222. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1223. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 66:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426911

1224. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1225. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426911 which is properly registered with the United States Copyright Office.

1226. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426911 through the creation, development, release, and commercialization of Royale High.

1227. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1228. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1229. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1230. Defendants' works are substantially, if not strikingly, similar to

352

Rainbow's protected works with regard to protectable elements.

1231. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1232. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1233. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1234. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1235. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1236. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1237. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 67:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426912

1238. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1239. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426912 which is properly registered with the United States Copyright Office.

1240. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426912 through the creation, development, release, and commercialization of Royale High.

1241. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1242. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1243. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants..

1244. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1245. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1246. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1247. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1248. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1249. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1250. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1251. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 68:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002426913

1252. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1253. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002426913 which is properly registered with the United States Copyright Office.

1254. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002426913 through the creation, development, release, and commercialization of Royale High.

1255. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1256. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1257. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1258. Defendants' works are substantially, if not strikingly, similar to

355

Rainbow's protected works with regard to protectable elements.

1259. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1260. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1261. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1262. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1263. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1264. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1265. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 69:  DIRECT COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION NO. VA0002424966

1266. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1267. Rainbow is the sole owner of the copyrights protected by the Registrations listed in Exhibit A, including United States Copyright Registration No. VA0002424966 which is properly registered with the United States Copyright Office.

1268. Defendants unlawfully copied and exploited the constituent elements of Rainbow's works, all of which are original to Rainbow, including that which is protected by United States Copyright Registration No. VA0002424966 through the creation, development, release, and commercialization of Royale High.

1269. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and/or display of Rainbow's works, whether expressly or otherwise.

1270. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1271. Defendants had access to the copyrighted works at least, for example, due to the widespread dissemination of Rainbow's works and because of the Notice letters sent to Defendants.

1272. Defendants' works are substantially, if not strikingly, similar to Rainbow's protected works with regard to protectable elements.

1273. At no point in time did Rainbow authorize, permit, or consent to Defendants' reproduction, derivation, distribution, performance, and display of Rainbow's works, whether expressly or otherwise.

1274. Defendants unauthorized exploitation of Rainbow's works infringes Rainbow's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.

1275. Defendants' infringing acts were and are willful within the meaning of 17 U.S.C. § 504(c)(2).

1276. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1277. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1278. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1279. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover actual damages and/or statutory damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 17 U.S.C. §§ 502-505.

## COUNT 70: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

1280. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1281. Rainbow is the sole owner of the United States Trademark Registrations listed in Exhibit B and the Common Law Marks (collectively "Winx Club Trademarks") as alleged herein.

1282. Defendants' unauthorized use of the Winx Club Trademarks in Royale High and in connection with the sale, offering for sale, distribution, and advertising of goods and services, including toys and other consumer products, is likely to cause confusion to, to cause mistake by, or to deceive the relevant consuming public, in violation of the U.S. Lanham Act, including at least 15 U.S.C. §§ 1114 - 1125.

1283. Defendants' unauthorized use of confusingly similar imitations of the Winx Club characters and scenes, and the Winx Club Trademarks is likely to cause confusion, deception, and mistake by creating the false and misleading impression to the consuming public that Rainbow's goods and services originate with Defendants, are associated or connected with Defendants, or have the sponsorship, endorsement, or approval of Rainbow, or that Defendants' goods and services originate with Rainbow, or are associated with, or connected with or approved by Rainbow when they are not.

1284. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1285. Defendants' conduct has caused and will continue to cause a likelihood of confusion by and deception of members of the trade and public.

1286. Defendants' conduct demonstrates a willful, wanton, and malicious intent to trade on the goodwill associated with the Winx Club Trademarks.

1287. Rainbow is entitled to preliminary and permanent injunctive relief and to recover actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

1288. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1289. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1290. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1291. Given the Defendants' willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of their infringement, this is an exceptional case under 15 U.S.C. § 1117.

1292. As the acts alleged herein constitute infringement by Defendants of Rainbow's Registered Marks under 15 U.S.C. § 1114 and § 1125(a), and as Rainbow has no adequate remedy at law, Rainbow is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendants' revenues and profits, Rainbow's lost profits, all damages sustained by Rainbow, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## COUNT 71: TRADEMARK INFRINGEMENT UNDER THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §14245

1293. Rainbow repeats and incorporates by reference the preceding

paragraphs as though fully set forth below.

1294. Rainbow holds valid and protectable trademarks under California law through prior use in commerce of the Winx Club Trademarks.

1295. Defendants use and have used Rainbow's registered trademarks, or marks confusingly similar to Rainbow's trademarks, without authorization, in connection with the sale of goods and services in commerce.

1296. Defendants' use of Plaintiff's marks is likely to cause and has caused confusion or mistake, and is likely to deceive and has deceived consumers as to the source of origin of the goods or services.

1297. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1298. Defendants intentionally copied Rainbow's marks and the copying was willful and on information and belief their acts have been committed with knowledge that the marks are intended to be used to cause confusion or mistake, or to deceive.

1299. Each Defendant has knowingly facilitated, enabled, or otherwise assisted a person to manufacture, use, distribute, display, or sell goods or services bearing a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Marks, without the consent of the Plaintiff.

1300. Rainbow's marks are strong and distinctive.

1301. Defendant's actions are likely to result in harm, at least via lost sales, damage to reputation, and dilution of the trademarks' distinctiveness.

1302. Defendants have been unjustly enriched at the expense of Rainbow.

1303. Defendants' retention of the benefit they have received as a result of their unlawful actions would be unjust and inequitable.

1304. It would be unfair for the Defendants to keep the revenue they have unlawfully received without compensating Rainbow. The benefit was acquired through fraud and there is no legal or contractual basis for the Defendants to retain the benefit.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

1305. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1306. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1307. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1308. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1309. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1310. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1311. Rainbow is entitled to preliminary and permanent injunctive relief and to recover actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees for Defendants' actions as alleged herein.

## COUNT 72: UNFAIR COMPETITION UNDER THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

1312. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1313. Rainbow holds valid and protectable trademarks under California law through prior use in commerce.

1314. Defendants used Rainbow's Winx Club Trademarks, or marks

confusingly similar to Rainbow's trademarks, without authorization, in connection with services in commerce, creating the potential for consumer confusion.

1315. Defendants' use of Rainbow's marks is unfair and causes confusion, mistake, or deception among consumers as to the source of the goods or services.

1316. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1317. Defendants intentionally copied Rainbow's marks and the copying was willful.

1318. Rainbow's marks are strong and distinctive.

1319. Defendant's actions have harmed Rainbow and future actions are likely to result in harm to Rainbow, via lost sales, damage to reputation, and dilution of the trademarks' distinctiveness, as well as to the consuming public.

1320. Defendants have been unjustly enriched at the expense of Rainbow.

1321. Defendants' retention of the benefits they have received as a result of their unlawful actions would be unjust and inequitable.

1322. It would be unfair for the Defendants to keep the revenue they have received from their unlawful actions without compensating Rainbow. The benefit was acquired through fraud and there is no legal or contractual basis for the Defendants to retain the benefit.

1323. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1324. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1325. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1326. Defendants' acts also constitute knowing copyright infringement and trademark infringement in violation of Sections 501 *et seq.* of the U.S. Copyright Act (17 U.S.C. § 501, *et seq.*) and Section 32 of the Lanham Act (15 U.S.C. § 1114).

1327. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1328. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1329. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1330. Rainbow is entitled to preliminary and permanent injunctive relief and to recover actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees for Defendants' actions as alleged herein.

## COUNT 73: TRADEMARK DILUTION UNDER THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §14247

1331. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1332. Rainbow holds valid and protectable trademarks under California law through prior use in commerce.

1333. Rainbow's trademarks as alleged herein are famous and distinctive. Each is widely recognized by the general consuming public of this state, or of a geographic area of this state, as a designation of source of the goods or services of Rainbow. Rainbow's famous marks include the characters and the scenes from the Winx Club animated series, as well as the trademark WINX CLUB and corresponding logo.

1334. The trademarks have become famous through the extensive duration,

extent, and geographic reach of advertising and publicity, the volume of sales of goods or services under the marks, and the extent of actual dissemination and resulting recognition of the marks.

1335. Defendants use and have used Rainbow's trademarks, or marks confusingly similar to Rainbow's trademarks, without authorization, in connection with the sale of goods and services in commerce in this State, creating the potential for consumer confusion and dilution of Rainbow's famous marks.

1336. Defendants' use of the marks is unfair and causes confusion, mistake, or deception among consumers as to the source of the goods or services.

1337. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1338. On information and belief, Defendants intentionally copied Rainbow's famous marks and the copying was willful.

1339. Rainbow's marks are strong and distinctive.

1340. Defendant's actions are likely to result in harm, via lost sales, damage to reputation, and dilution of the trademarks' distinctiveness.

1341. Defendants have been unjustly enriched at least by the receipt of revenue obtained from the sale of goods and services sold in conjunction with Rainbow's marks, at the expense of Rainbow.

1342. Defendants' retention of the benefits they have received via their unlawful actions as alleged herein would be unjust and inequitable.

1343. It would be unfair for the Defendants to keep the revenue or other unlawfully obtained benefits without compensating Rainbow. was All such benefits were acquired by Defendants through fraud or other unlawful activity and there is no legal or contractual basis for the Defendants to retain such benefits.

1344. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1345. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1346. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1347. Defendants' acts also constitute copyright infringement and trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

1348. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1349. The distinctiveness of Rainbow's famous marks is weakened because the Defendants' use of the marks causes the marks to be associated with a broader range of, and unlicensed and unapproved, goods or services, diminishing their uniqueness.

1350. Use of Rainbow's famous marks by the Defendants is likely to cause dilution of the distinctive quality or reputation of the famous marks.

1351. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1352. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1353. Rainbow is entitled to preliminary and permanent injunctive relief for Defendants' actions as alleged herein

## COUNT 74: TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

1354. Rainbow repeats and incorporates by reference the preceding

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

paragraphs as though fully set forth below.

1355. Rainbow holds valid and protectable trademarks under California law through prior use in commerce.

1356. The trademarks are famous and include, among other things, the characters and the scenes from the Winx Club animated series, as well as the trademark WINX CLUB and corresponding logo.

1357. The Plaintiff's asserted trademarks have become famous throughout California through the extensive duration, extent, and geographic reach of advertising and publicity, the volume of sales of goods or services under the marks, and the extent of actual dissemination and resulting recognition of the marks.

1358. Defendants used Rainbow's trademarks, or marks confusingly similar to Rainbow's trademarks, without authorization, in connection with the sale of goods and services in commerce, creating the potential for consumer confusion.

1359. Defendants' use of the marks is unfair and causes confusion, mistake, or deception among consumers as to the source of the goods or services.

1360. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1361. On information and belief, Defendants intentionally copied Rainbow's marks and the copying was willful.

1362. Rainbow's marks are strong and distinctive.

1363. Defendant's actions are likely to result in harm, via lost sales, damage to reputation, and dilution of the distinctiveness of Plaintiff's asserted trademarks.

1364. By their actions as alleged herein, Defendants have been unjustly enriched at the expense of Rainbow.

1365. Defendants' retention of the benefits they have received as a result of their unlawful actions would be unjust and inequitable.

1366. It would be unfair for the Defendants to keep the benefits they have received as a result of their unlawful actions without compensating Rainbow. Such

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

benefits were acquired through fraud and there is no legal or contractual basis for the Defendants to retain the benefits.

1367. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1368. On information and belief, the foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1369. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1370. Defendants' acts also constitute copyright infringement and trademark infringement as alleged herein.

1371. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1372. The distinctiveness of Rainbow's famous marks is weakened because the Defendants' use of the marks causes the marks to be associated with a broader range of goods or services, diminishing its uniqueness.

1373. Use of Rainbow's marks by the Defendants is likely to cause dilution of the distinctive quality or reputation of the famous marks.

1374. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1375. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

1376. Rainbow is entitled to preliminary and permanent injunctive relief and to recover actual damages, Defendants' profits, enhanced profits and damages, costs, and reasonable attorneys' fees for Defendants' actions as alleged herein.

## COUNT 75: UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW

1377. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1378. Rainbow holds valid and protectable trademarks under California law through prior use in commerce.

1379. The trademarks are famous and include, among other things, the characters and the scenes from the Winx Club animated series, as well as the trademark WINX CLUB and corresponding logo.

1380. The trademarks have become famous through the extensive duration, extent, and geographic reach of advertising and publicity, the volume of sales of goods or services under the marks, and the extent of actual dissemination and resulting recognition of the marks.

1381. Defendants used Rainbow's trademarks, or marks confusingly similar to Rainbow's trademarks, without authorization, in connection with services in commerce, creating the potential for consumer confusion.

1382. Defendants' use of the marks is unfair and causes confusion, mistake, or deception among consumers as to the source of the goods or services.

1383. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1384. Defendants intentionally copied Rainbow's marks and the copying was willful.

1385. Rainbow's marks are strong and distinctive.

1386. Defendant's actions are likely to result in harm, via lost sales, damage to reputation, and dilution of the trademarks' distinctiveness.

1387. Defendants have been unjustly enriched via revenue at the expense of Rainbow.

1388. Defendants' retention of the benefit would be unjust and inequitable.

1389. It would be unfair for the Defendants to keep the revenue without compensating Rainbow. The benefit was acquired through fraud and there is no legal or contractual basis for the Defendants to retain the benefit.

1390. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1391. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1392. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1393. Defendants' acts also constitute copyright infringement and trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

1394. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1395. The distinctiveness of the famous marks is weakened because the defendants' use of the marks causes the marks to be associated with a broader range of goods or services, diminishing its uniqueness.

1396. Use of the marks by the Defendants is likely to cause dilution of the distinctive quality or reputation of the famous marks.

1397. Upon information and belief, Defendants intend to continue their

FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

infringing acts, unless restrained by this Court.

1398. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

## COUNT 76: DILUTION UNDER CALIFORNIA COMMON LAW

1399. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1400. Rainbow holds valid and protectable trademarks under California law through prior use in commerce.

1401. Rainbow's Trademarks are famous and include, among other things, the characters and the scenes from the Winx Club animated series, as well as the trademark WINX CLUB and corresponding logo.

1402. The trademarks have become famous through the extensive duration, extent, and geographic reach of advertising and publicity, the volume of sales of goods or services under the marks, and the extent of actual dissemination and resulting recognition of the marks.

1403. Defendants used Rainbow's trademarks, or marks confusingly similar to Rainbow's trademarks, without authorization, in connection with services in commerce, creating the potential for consumer confusion.

1404. Defendants' use of the marks is unfair and causes confusion, mistake, or deception among consumers as to the source of the goods or services.

1405. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1406. Defendants intentionally copied Rainbow's marks and the copying was willful.

1407. Rainbow's marks are strong and distinctive.

1408. Defendant's actions are likely to result in harm, via lost sales, damage to reputation, and dilution of the trademarks' distinctiveness.

1409. Defendants have been unjustly enriched via revenue at the expense of

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

Rainbow.

1410. Defendants' retention of the benefit would be unjust and inequitable.

1411. It would be unfair for the Defendants to keep the revenue without compensating Rainbow. The benefit was acquired through fraud and there is no legal or contractual basis for the Defendants to retain the benefit.

1412. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1413. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1414. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1415. Defendants' acts also constitute copyright infringement and trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

1416. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1417. The distinctiveness of the famous marks is weakened because the defendants' use of the marks causes the marks to be associated with a broader range of goods or services, diminishing its uniqueness.

1418. Use of the marks by the Defendants is likely to cause dilution of the distinctive quality or reputation of the famous marks.

1419. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1420. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

## COUNT 77:  UNJUST ENRICHMENT UNDER CALIFORNIA COMMON LAW

1421. Rainbow repeats and incorporates by reference the preceding paragraphs as though fully set forth below.

1422. Rainbow holds valid and protectable trademarks under California law through prior use in commerce.

1423. The trademarks are famous and include, among other things, the characters and the scenes from the Winx Club animated series, as well as the trademark WINX CLUB and corresponding logo.

1424. The trademarks have become famous through the extensive duration, extent, and geographic reach of advertising and publicity, the volume of sales of goods or services under the marks, and the extent of actual dissemination and resulting recognition of the marks.

1425. Defendants used Rainbow's trademarks, or marks confusingly similar to Rainbow's trademarks, without authorization, in connection with services in commerce, creating the potential for consumer confusion.

1426. Defendants' use of the marks is unfair and causes confusion, mistake, or deception among consumers as to the source of the goods or services.

1427. Relevant consumers of Rainbow's goods and services have been actually confused by the actions of Defendants as alleged herein.

1428. Defendants intentionally copied Rainbow's marks and the copying was willful.

1429. Rainbow's marks are strong and distinctive.

1430. Defendant's actions are likely to result in harm, via lost sales, damage to reputation, and dilution of the trademarks' distinctiveness.

1431. Defendants have been unjustly enriched via revenue at the expense of

Rainbow.

1432. Defendants' retention of the benefit would be unjust and inequitable.

1433. It would be unfair for the Defendants to keep the revenue without compensating Rainbow. The benefit was acquired through fraud and there is no legal or contractual basis for the Defendants to retain the benefit.

1434. Defendants, without authorization from Rainbow, have used and are continuing to use spurious designations that are confusingly similar to Rainbow's Trademarks.

1435. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Royale High game originates from, or is affiliated with, sponsored by, or endorsed by Rainbow.

1436. Upon information and belief, Defendants have acted with knowledge of Rainbow's ownership of the Winx Club Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

1437. Defendants' acts also constitute copyright infringement and trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

1438. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

1439. The distinctiveness of the famous marks is weakened because the defendants' use of the marks causes the marks to be associated with a broader range of goods or services, diminishing its uniqueness.

1440. Use of the marks by the Defendants is likely to cause dilution of the distinctive quality or reputation of the famous marks.

1441. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

1442. Defendants' acts have damaged and will continue to damage Rainbow, and Rainbow has no adequate remedy at law.

## **Prayer for Relief**

WHEREFORE, Rainbow respectfully requests that the Court:

(A)     Permanently enjoin Defendants from continuing to infringe Rainbow's copyrights and trademark rights;

(B)     Order that Defendants delete and permanently remove all digital media files relating to Rainbow's works from all computers and cloud-based servers in Defendants' possession, custody, or control;

(C)     Order that Defendants demand that any entity that hosts any Royale High content on behalf of Defendants delete and permanently remove all digital media files relating to Rainbow's works from all computers and cloud-based servers in their possession, custody, or control;

(D)     Award Rainbow damages, including actual damages and Defendants' profits in an amount to be proven at trial, pursuant to 17 U.S.C. § 504(b);

(E)     Award Rainbow monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendants' revenues and profits, Rainbow's lost profits, all damages sustained by Rainbow, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined;

(F)     Award Rainbow enhanced profits and damages under 15 U.S.C. § 1117(b);

(G)     Award Rainbow statutory damages in the amount of $150,000

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**

per work infringed pursuant to 17 U.S.C. § 504(a) and (c) or other maximum award as determined by the Court;

(H) Award Rainbow its reasonable attorneys' fees and costs;

(I) Award Rainbow pre-judgment and post-judgment interest on all monetary awards;

(J) Hold Defendants jointly and severally liable for the foregoing and any monetary damages or relief; and

(K) Grant Rainbow any other relief this Court deems just and proper.

Dated: March 24, 2025                    CLARK HILL LLP

By: _____

Bradford G. Hughes

Attorneys for Plaintiff RAINBOW S.p.A.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**