**CLARK HILL LLP**
BRADFORD G. HUGHES (SBN 247141)
bhughes@clarkhill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Attorneys for Plaintiff RAINBOW S.p.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINBOW S.p.A., <br><br> Plaintiff <br><br> v. <br><br> SECRET WATERFALL LLC, LAUNCELOT A. DEVAULT, TARAH A. UHRICH, STARLINE MEDIA, INC., AND DAVID NDALAMBA, <br><br> Defendants. | Case No. 5:25-cv-00597-MRA-DTB <br><br> **PLAINTIFF RAINBOW S.P.A.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRADFORD G. HUGHES** |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 1, 2025 at 1:30 p.m., Plaintiff Rainbow S.p.A ("Rainbow" or "Plaintiff") will and hereby does move the Court for an order granting Plaintiff leave to file an Amended Complaint (a copy is attached as Exhibit "1" to this motion) and that the amended pleading be deemed filed and served as of the date of the granting of this motion. The amendments to the Complaint seek to (1) clarify and provide additional factual detail regarding the delayed discovery of Plaintiff's claims, and (2) streamline Plaintiff's Complaint by removing causes of action that are no longer applicable following further investigation and review.

This motion is made pursuant to Federal Rule of Civil Procedure Rule 15(b), and the U.S. District Court for the Central District of California Local Rules and is based upon the grounds that Defendants will not oppose nor be prejudiced by the proposed amendment, which updates the existing claims.

On May 22, 2025, counsel for Plaintiff communicated with counsel for Defendants Secret Waterfall LLC, Launcelot A. Devault and Tarah A. Uhrich (collectively referred to herein as "Secret Defendants") to meet and confer regarding their First Amended Complaint (ECF No. 11), the issues raised therein, and Defendants' intent to file a motion to dismiss the First Amended Complaint (ECF No. 11). Following those discussions, Plaintiff amended the operative Complaint and filed its Second Amended Complaint on August 11, 2025 (ECF No. 25).

Beginning on September 18, 2025, and through September 23, 2025, counsel for Plaintiff communicated with counsel for the Defendants to meet and confer regarding Plaintiff's Second Amended Complaint (ECF No. 25), the issues raised therein, and Secret Defendants' intent to file a motion to dismiss the Second Amended Complaint (ECF No. 25). Following those discussions, Plaintiff agreed to amend the operative Complaint.

This Motion is based on this Notice and Motion, all pleadings, records, and files in the above-captioned action, the attached Memorandum of Points and Authorities in support of this Motion, the Declaration of Bradford G. Hughes, and upon any oral or documentary evidence that may be presented at the hearing on the Motion.

Dated: October 24, 2025

CLARK HILL LLP

By: _____
Bradford G. Hughes
Attorneys for Plaintiff RAINBOW S.p.A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Rainbow S.p.A ("Rainbow") seeks leave to amend the Second Amended Complaint previously filed in this action. As detailed below, the amendments to the Complaint in the proposed Amended Complaint for Copyright and Trademark Infringement (the "Third Amended Complaint") seek to clarify and provide additional factual allegations regarding Plaintiff's copyright registration numbers, provide source links to infringing content referenced in the Complaint, and streamline Plaintiff's Complaint by removing causes of action that are no longer applicable following further investigation and review.

The Court has the discretion to allow the filing of an amended pleading in the furtherance of justice, which discretion should be *liberally* applied. In this instance, justice would be served by allowing the resolution of all related disputes in this action. The granting of this motion is entirely appropriate, and will serve the interest of judicial economy and will result in no prejudice to Defendants Secret Waterfall LLC ("Secret"), Launcelot A. Devault, Tarah A. Uhrich, Starline Media, Inc. ("Starline"), and David Ndalamba (collectively, "Defendants").

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is an action for copyright and trademark infringement. Rainbow is an Italian media and software entertainment content company that has brought educational entertainment to young viewers around the world through the creation, development, release, and commercialization of animated content for TV and cinema. Rainbow's Winx Club® animated TV series ("Winx Club"), is Rainbow's twenty-year-old classic.[1]  Winx Club is an international success, resulting in eight animated TV series, two animated series co-produced with Netflix, two Netflix Original live action series, four films for TV, three animated feature films for cinema, live shows, international musicals, and numerous copyright and trademark

---

[1] https://www.rbw.it/en/about/the-group/rainbow/.

registrations.

Defendants exploited Rainbow's Winx Club works through the creation, development, release, and commercialization of Royale High, a high school-themed fantasy game hosted on the Roblox Platform.  Initially titled "Fairies and Mermaids Winx High School," Royale High emulates Winx Club's characters, costumes, and environments and has done so since the game's release in 2017.  Defendants' exploitation of Rainbow's intellectual property was an intentional strategy to attract Winx Club fans, who would appreciate the in-game roleplaying opportunities and Winx Club-themed products.  Though alerted to the infringing materials in Royale High, Defendants have persisted in exploiting the Winx Club works rather than license Rainbow's intellectual property.

Plaintiff's original complaint (ECF No. 1) in the present action was filed against Defendants on March 5, 2025. Shortly thereafter, on March 24, 2025, Plaintiff filed a First Amended Complaint (ECF No. 11) alleging copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); trademark infringement under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); trademark infringement under the California Business and Professions Code §14320, unfair competition under the California Business and Professions Code §17200, trademark dilution under the California Business and Professions Code §14247; and trademark infringement, unfair competition, dilution, and unjust enrichment under California common law.

On May 22, 2025, counsel for Plaintiff communicated with Counsel for Secret Defendants to meet and confer regarding their First Amended Complaint (ECF No. 11), the issues raised therein, and Secret Defendants' intent to file a motion to dismiss the First Amended Complaint. Following those discussions, Plaintiff amended the operative Complaint and filed its Second Amended Complaint on August 11, 2025 (ECF No. 25).

///

Beginning on September 18, 2025, and through September 23, 2025, counsel for Plaintiff communicated with counsel for the Defendants to meet and confer regarding Plaintiff's Second Amended Complaint. (ECF No. 25), the issues raised therein, and Secret Defendants' intent to file a motion to dismiss the Second Amended Complaint. (ECF No. 25).

Plaintiff now seeks to amend the operative Complaint (ECF No. 25) to provide additional factual allegations concerning Defendants' infringement, correct a number of Rainbow's copyright registration numbers, remove Count 18: Direct Copyright Infringement of United States Copyright Registration No. PA0002519644, Count 47: Direct Copyright Infringement of United States Copyright Registration No. PAU00375255, and Count 60: Direct Copyright Infringement of United States Copyright Registration No. VA0002426881, which was erroneously duplicative of Count 59.

### III. LEAVE TO FILE THE PROPOSED PLEADING SHOULD BE GRANTED

#### A. Leave To Amend Should Be Liberally Granted.

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend should be "freely given when justice requires." Fed. R. Civ. P. 15(a). This rule permits a party to amend any pleading at any time. The nonmovant bears the burden of demonstrating why the amendment should not be granted. It is the policy of the courts and law to freely allow amendment of pleadings and the addition of new causes of action so that all disputes may be put at issue and decided on their merits. Indeed, judicial policy favors resolution of all disputed matters between the parties in the same lawsuit. Thus, the court's discretion will usually be exercised extremely liberally to permit amendment of the pleadings. *DCD Programs, Ltd. v. Leighton* (9th Cir. 1987) 833 F.2d 183, 186.

Although a motion to permit an amendment to a pleading to be filed is left to the discretion of the court, the court is rarely justified in refusing to allow a party

leave to amend so that he may properly present his case. In fact, it is an abuse of discretion to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, without substantial compelling reason to deny a request to amend. The fundamental policy allowing cases to be decided on the merits requires trial courts to liberally permit amendments to pleadings, usually at almost any stage in the proceeding.

Commonly, four factors are considered when determining whether amendments are appropriate. These factors are: "1) bad faith of the moving party, 2) delay in the proceedings, 3) prejudice to the nonmoving party, and 4) futility of amendment." (Citations omitted.) *Genentech, Inc. v. Abbott Laboratories* (N.D. Ca. 1989) 127 F.R.D. 529. In the present action, the request to amend is filed in good faith by Plaintiff, seeking to add additional facts concerning the discovery of Defendants' infringement to ensure the Complaint accurately reflects and details the present claims in this action.

**B.    Defendants Will Not Be Prejudiced By The Amendments Requested**

There will be no prejudice to Defendants if the court allows the proposed amendments to the Complaint. All Defendants have had ample notice of the underlying factual allegations of Plaintiff's claims, and the proposed amendments are being made early enough in the proceedings to allow for any necessary adjustments to the defense without prejudice or burden. As Defendants have not yet appeared in this action, there has been no discovery conducted, and the Parties have met and conferred regarding the instant request, Defendants will not be prejudiced by the amendments requested.

**C.    Judicial Economy Will Be Served by the Amendments**

Judicial economy will be served by the amendments requested by Plaintiff. If the Motion for Leave to Amend is granted, the accurate and properly detailed claims

in this action will be heard. The amendment adds no new parties nor causes of action and eliminates causes of action Plaintiff determined to be inappropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Rainbow respectfully requests that the Court grant this Motion for Leave to File an Amended Complaint.

Dated: October 24, 2025                CLARK HILL LLP

By: */s/ Bradford G. Hughes/*
Bradford G. Hughes
Attorneys for Plaintiff RAINBOW S.p.A.

## DECLARATION OF BRADFORD G. HUGHES

I, Bradford G. Hughes, declare as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California. I am a Member with the law firm of Clark Hill LLP, attorneys of record for Plaintiff RAINBOW S.p.A. in the above-referenced matter.

2. I submit this Declaration in support of Plaintiff's Motion for Leave to Amend the First Amended Complaint.

3. I have personal knowledge of the facts set forth herein and if called to testify could and would competently testify thereto.

4. The Parties met and conferred pursuant to Local Rule 7-3 during the week of May 19, 2025, regarding Plaintiff's First Amended Complaint, the issues raised therein, and the Secret Defendants' intention to file a Motion to Dismiss the operative Complaint (ECF No. 11).

5. Following those discussions, Plaintiff amended the operative Complaint and filed its Second Amended Complaint on August 11, 2025 (ECF No. 25) to provide additional factual allegations concerning Rainbow's delayed discovery of Defendants' infringement, remove Count 71: Trademark Infringement Under the California Business and Professions Code §14245, and Count 77: Unjust Enrichment Under California Common Law.

6. Beginning on September 18, 2025, and through September 23, 2025, counsel for Plaintiff communicated with counsel for the Defendants to meet and confer regarding Plaintiff's Second Amended Complaint. (ECF No. 25), the issues raised therein, and Secret Defendants' intent to file a motion to dismiss the Second Amended Complaint. (ECF No. 25).

7. Plaintiff now seeks to amend the operative Complaint (ECF No. 25) to provide additional factual allegations concerning Defendants' infringement, correct a number of Rainbow's copyright registration numbers, remove Count 18: Direct Copyright Infringement of United States Copyright Registration No.

PA0002519644, Count 47: Direct Copyright Infringement of United States Copyright Registration No. PAU00375255, and Count 60: Direct Copyright Infringement of United States Copyright Registration No. VA0002426881, which was erroneously duplicative of Count 59.

8.   Plaintiff does not seek to add any additional parties to this action. Defendants have not yet appeared, there has been no discovery conducted, and the Parties have met and conferred regarding the instant request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 24th day of October 2025 in Los Angeles, California.

_____
Bradford G. Hughes